CASE 95—PETITION EQUITY AND PETITION ORDINARY—

SEPTEMBER 29.

# Gaar, Scott & Company v. Lyons, &c.

## Same v. Same.

APPEALS FROM HARDIN CIRCUIT COURT.

1. MORTGAGED PERSONAL PROPERTY—ATTACHMENT THEREOF BY MORTGAGOR—REMEDY.—Section 249 of the Civil Code provides the exclusive remedy by which a mortgagor may attach mort-

Gaar, Scott & Co. v. Lyon, &c.

gaged personal property, and prescribes the reasons for which an attachment may be issued against such property; and it can not be levied on under a general attachment, and the mortgagee deprived of the possession thereof, when, under the terms of the mortgage, he is entitled thereto.

2. EXEMPTION.—The levy of a general attachment procured by a mortgagor and levied on the mortgaged personal property which was exempt from attachment, was properly quashed; but the grounds of attachment not being controverted, the attachment itself should not have been discharged.

3. CONVERSION—ACTION FOR RECOVERY OF PERSONAL PROPERTY—MEASURE OF DAMAGES.—In an action for the recovery of personal property wrongfully taken under an attachment, and damages for the taking and detention thereof, it appearing that the property was mortgaged, the plaintiff was only entitled to recover damages for the detention up to the date of a judgment of foreclosure, at which time his right of possession ceased, and not up to the time of the trial of his action for damages.

S. H. BUSH FOR APPELLANTS.

1. There is nothing in the provisions of section 249 of the Civil Code giving a mortgagee of personal property a right to a specific attachment against the mortgaged property under the circumstances and conditions therein named, which is inconsistent with his levying a general attachment on such property, or which takes away the right to levy a general attachment on the mortgaged property. Any creditor has the right to levy a general attachment upon mortgaged personal property, and why may not the mortgagee have the same right?

2. The grounds of attachment not being controverted, the court should not have discharged the attachment. (Bell v. Mansfield, 12 Ky. Law Rep., 89; Spalding v. Sims, 4 Met., 285; Powell v. Cummins, 7 Ky. Law Rep., 361.)

3. The instruction in the common law action telling the jury that appellee was entitled to damages for the detention of the property up to the date of the trial was erroneous. He was certainly not entitled to damages for such detention beyond the time his right of possession ceased, which was the date of the judgment of foreclosure, or at most the date of the sale thereunder.

4. In a suit for wrongful conversion of personal property, where the

conversion is not accompanied with malice, the measure of damages is the value of the property at the time of conversion with interest thereon from that time. (Sedgwick on Damages, pp. 547 and 577; Lillard v. Whittaker, 3 Bibb, 92; Sproule v. Ford, 3 Littell, 25; Outten v. Barnes, Littell's Select Cases, 137; Greer v. Powell, 1 Bush, 489; Harris v. Davis, 13 Ky. Law Rep., 736; Wolf & Co. v. Hunter, 15 Ky. Law Rep., 846; Peak v. Inlow, 8 Dana, 192; Alsop v. Adams, 8 Ky. Law Rep., 746; Goodwin v. Prunnell & Co., 11 Ky. Law Rep., 140; Merchand v. York, 10 Ky. Law Rep., 777.)

5. In an action subject to be defeated by a set-off, the claim of the plaintiff's attorney of a lien for services must yield to the set-off as it would to any other available defense to the action. A claim for unliquidated damages may be pleaded as a set-off where the plaintiff is insolvent. (Taylor & Son v. Stowell, &c., 4 Met., 174; Forbes & Bro. v. Cooper, 10 Ky. Law Rep., 865.

S. H. BUSH AND J. P. HOBSON IN PETITION FOR RE-HEARING.

1. Under the provisions of section 194 of the Civil Code *any* contract creditor may have a general attachment; this, of course, includes mortgagees. Section 249 gives mortgagees a further and special right not given to others. The two provisions should be construed as cumulative and not conflicting, unless the contrary appears. It might be that the mortgagee would have grounds for the general attachment and not for the specific.

2. The general rule of law is that for the taking or conversion of personal property, the measure of damages is the value of the property at the time of the taking, and interest on it from that day. (1 vol. Barbour's Digest, p. 443, secs. 177 and 178; Newcomb v. Baskett, 14 Bush, 667; Banks v. Joyce, 78 Ky., 42.)

3. The plaintiff had a right to plead its debt as an equitable set-off against defendant's claim for unliquidated damages. (Forbes v. Cooper, 88 Ky., 285.) And if the plea of set-off had been allowed before judgment, it would have have defeated a recovery altogether, and there would be nothing for the attorney's lien to attach to.

MONTGOMERY & BARRY FOR APPELLEE.

1. The appellants had a mortgage on the property which held it for them without an attachment. No affidavit that the defendant

Gaar, Scott & Co. v. Lyon, &c.

was a non-resident or had no property, etc., would authorize the levying of a general attachment upon property which he already has a hold upon by mortgage.

2. The right of attachment is statutory and is a harsh remedy which must be strictly pursued; and when a certain kind of remedy by attachment is prescribed by statute, it excludes all others.

3. In the common law action, all the instructions given by the court are not in the record on appeal, and, therefore, none of them can be considered by this court.

4. The right to damages is incidental to the right of restitution, and must accompany it up to the time of restitution. (Bates v. Bohannon, 2 Bush, 117; Thomas v. Blunt, Littell's Select Cases, 114; Rodgers v. Bradford, 8 Bush, 163.)

5. The appeal should be dismissed because the judgment is satisfied. The amendment to the Code gives a plaintiff the right to appeal when he fails to recover all he has sued for, although he has collected the part recovered; but there is no provision authorizing the defendant to do so after satisfying part of the judgment as is done in this case by the set-off.

L. A. FAUREST ON SAME SIDE.

1. The statutes provide when and how an attachment can be obtained in order to *create* a lien upon property when the debt is due; how an attachment may be obtained in certain actions to *create* a lien when the debt is not due, and how property upon which there is *already a lien* may be by attachment protected and preserved. In all such cases a complete remedy is provided, and no one of the remedies should be applied to any of the cases other than the one for which it was specially intended. (Johnson v. Bush, 11 Bush, 527.)

2. The common law action was one for the recovery of specific personal property, and is not like an action for conversion where the value of the property at the time of the conversion with interest to the time of judgment is the measure of damages. In actions like this the plaintiff is entitled to recover his property, or if not to be had its actual value, and his *actual* damages up to the day of the trial. (Bates v. Bohannon, 2 Bush, 117.)

3. Section 107, Kentucky Statutes, gives an attorney a lien upon a judgment recovered by him for the amount of the fee agreed upon

with his client, and this lien can not be defeated by setting-off another judgment against the judgment which he recovered. (Robertson v. Shutt, 9 Bush, 659.)

JUDGE LANDES DELIVERED THE OPINION OF THE COURT.

These two cases were by agreement heard in this court together. The first is an appeal from the judgment of the Hardin Circuit Court, rendered in an action brought by the appellants against the appellee to recover on two notes, for $200 each, executed by the appellee for a separator, fixtures and appurtenances, which were secured by a mortgage on the same property, a yoke of oxen and a small parcel of land in Breckinridge county, and to subject the mortgaged property to the payment of the notes.

At the commencement of the action a general attachment was sued out by the appellants on the ground that the appellee had no property in the county of Hardin, or in the State of Kentucky, subject to execution, or not enough thereof to satisfy the claims sued on, and that the claims would be endangered by delay in obtaining judgment and return of no property found.

The writ of attachment was placed in the hands of the sheriff, and was levied upon the personal property embraced in the mortgage, which was sold by a special commissioner under an order of the county judge of Hardin county, made upon due notice, at the instance of the appellants, and the sale was duly reported by the commissioner.

It was expressly provided in the mortgage that the appellee might hold and use the personal property in Hardin, Breckinridge and Meade counties.

Without attempting to give in detail all of the steps that were taken in the action, it is sufficient for the purposes of

this case to say that there was no defense to the action, and that the grounds of the attachment were not controverted, but the court below, on the motion of the appellee, quashed or "discharged the levy" of the attachment, and "set aside the sale of the attached property," made in pursuance of the order of the county judge above recited, for the reason, as it appears, that the property covered by the mortgage to secure the debt sued on was not subject to and could not be taken under the general attachment sued out in the action.

Afterwards, the case being submitted, the court rendered a judgment in favor of the appellants for their debt, and subjected the mortgaged personal property, described in the judgment as a "separator, 10,642, on wagon, with folding stacker, belts and usual appurtenances; also one yoke of oxen, about six years old;" and directed that it should be sold for that purpose by a special commissioner appointed in the judgment, and the court, "on its own motion, discharged the attachment herein." This action of the court discharging the attachment, and the order previously made by the court "discharging the levy and sale" of the same property under the same attachment, were excepted to by the appellants, and are here urged as error by counsel.

Since under the mortgage, as we have seen, the appellee had the right to retain the possession of and to use the personal property embraced in it, he could not be lawfully deprived of this right before judgment in the action ascertaining the amount the appellants were entitled to recover, and subjecting the property to the satisfaction of the judgment, except in the manner provided by law.

Undoubtedly the appellants had the right, if proper grounds existed and if it were necessary to secure their whole debt, to sue out a general attachment, but we hold

that the property mortgaged to secure their debt could not be levied on, nor could the appellee be lawfully deprived of the possession or use of it under a general attachment.

Ample provision is made for cases of this kind by section 249 of the Civil Code, which provides that "in an action to enforce a mortgage of or lien upon personal property, . . . if it satisfactorily appear from a verified petition or from affidavits or the proofs in the cause that the plaintiff has a just claim, and that the property is about to be sold, concealed or removed from the State; or if the plaintiff state on oath that he has reasonable cause to believe, and does believe, that, unless prevented by the court, the property will be sold, concealed or removed from the State, an attachment may be granted against the property."

The existence of none of the grounds for the specific attachment allowed by this section of the Code were made to appear, and, consequently, no reason was shown why the property should be taken from the possession of appellee at the time the attachment was sued out. The court below, therefore, properly quashed the levy and set aside the sale of this property made under the general attachment; but as the appellants had the right to sue out a general attachment the court erred in discharging the attachment when the grounds of it were not controverted and no party in interest had moved for the discharge. The attachment ought to have been sustained. (Civil Code, section 261.)

The appellants, however, have not shown and the record does not discover that their substantial rights were prejudiced by this erroneous action of the court, and the judgment can not, therefore, be reversed on account of it.

The second case was an action in the Hardin Circuit Court, brought by the appellee against the appellants, to recover

the separator and the yoke of oxen, upon which the attachment in the first case was levied and which were described in the mortgage and judgment in that case, and therein subjected and directed to be sold to pay the appellants' claim, together with damages for the taking and detention of said property.

This property, as we have seen, was taken from the possession of the appellee under the said general attachment, and was sold by order of the county judge, and the levy and sale discharged and set aside by the court below.

The judgment of the court directing the sale of this property to satisfy the claim of the appellants was rendered on the 6th day of December, 1893, and the action for the recovery of the property and damages for taking and detaining it was commenced on the 6th day of February, 1894. The jury, under what may be termed a peremptory instruction, found a verdict for the appellee, fixing the value of the separator at $275, and the value of the yoke of oxen at $50, or $25 for each ox, and assessed the damages at $180, and the court adjudged that the appellee recover of the appellants the separator and the yoke of oxen, if to be had; and, if not to be had, the value of each, as fixed by the jury, and $180 damages, and costs.

This judgment the appellants moved the court to "set-off" against their judgment rendered against the appellee in the first case, but the attorney for the appellee objected to this motion and asserted his lien on the judgment for his fee in the case, for which he had a written contract.

The court upon hearing these motions, adjudged that "Gaar, Scott & Co., have a prior lien upon the oxen and separator for their judgment against said Lyon, and that" the attorney, "James Montgomery, has a prior lien upon

the $180 adjudged as damages for the amount of his fees agreed to be paid by W. N. Lyon herein adjudged to amount in value for more than said amount of $180."

It was accordingly ordered that the judgment of the appellants against the appellee be credited with $325, the value of the separator and yoke of oxen as fixed by the jury, as of date the 14th day of November, 1894, and that the appellants pay to the attorney the said sum of $180, the amount fixed as damages by the jury, all of which was duly excepted to by the appellants. The court having overruled the appellants' motion for a new trial, this appeal is prosecuted to reverse that judgment.

The court below, at the instance of the appellants, having directed their judgment in the first case to be credited with the amount of the judgment recovered against them by the appellee in the second case for the value of the property sued for as fixed by the jury, the appellants are in no attitude to complain of the refusal of the court to credit their judgment with the further sum of $180 damages fixed for the taking and detention of the said property if the said damages were properly assessed and recovered. Unquestionably the attorney, under his contract exhibited in the record, and under the statute in such cases, had a lien upon the amount recovered in the action, and we are not prepared to say that under the contract referred to the amount of the damages, if properly assessed, was greater than ought to have been allowed to the attorney for his services in the case, or that the court below erred in allowing to the attorney a prior lien thereon for his fee. But the material question arises upon the exception taken by the appellants to the instruction of the court under which the damages were assessed.

Counsel for the appellants made no question in the court below as to the right of the appellee to recover the property, and that question is not before us.   Indeed it appears from the record that the right to recover it was conceded by counsel for the appellants, the only question made being as to the time to which damages were recoverable.   The court, in the instruction given and excepted to, after telling the jury that the property in controversy belonged to the appellee at the time it was seized under the attachment, that the taking and selling it by the appellants was wrongful, and that they should find for the appellee the said property and fix its value, further told them that they should find for the appellee such actual damages as they believed from the evidence the appellee had sustained "by reason of the unlawful taking and detention of the property up to this time"—that is, up to the date of the trial, which was November 13, 1894.

This instruction was erroneous so far as it allowed the recovery of damages in the action for the taking of the property, and so far as it attempted to fix the time to which damages for the detention of the property might be recovered.

Conceding that the appellee had the right to the possession of the property at and after the time it was taken from him under the general attachment, that right did not extend beyond the date of the judgment subjecting the property to sale for the payment of the claim of the appellants, which was the 6th day of December, 1893.   For, if the property was then or afterwards in the possession of the appellee, or whether it was in his possession or not, it was subject to the right and duty of the special commissioner, who was appointed and directed by the judgment of the court to sell

it, to take it into his own possession. It follows from this that the damages for the detention of the property were not recoverable for any period beyond the time when the appellee's right to the possession of the property terminated. And in this action damages were not recoverable for the mere trespass committed in the unlawful seizure of the property. (Civil Code, section 388.)

For the reasons given the judgment in the first case is affirmed, and the judgment in the second case is also affirmed except for the recovery of the $180 damages, and that part of the judgment is reversed and the cause remanded, with directions to award the appellants a new trial as to the damages for the detention of the property which was in controversy in the action, and for further proceedings consistent with this opinion.

The following response, overruling a petition for rehearing, was delivered October 13, 1896:

*Per curiam.* Upon a review of the records in these cases the court adheres to the opinion which has been delivered.

Section 249 of the Civil Code, providing a remedy by specific attachment in an action to enforce a mortgage or lien upon personal property, was not intended to be cumulative or in addition to the remedy afforded by an ordinary or general attachment in respect of the specific property embraced in the mortgage or covered by the lien sought to be enforced. It was intended to enable the mortgagee or lien-holder to secure the property, under the conditions named in the section, so that his rights acquired in the transaction by which the lien was created on it may be enforced without regard to its being subject or not subject to execution or attachment for debt.

Property not subject to execution may be mortgaged by

Gaar, Scott & Co. v Lyon, &c.

the owner of it, and yet be exempt from execution or general attachment for debt. So that, as held in the opinion, the remedy provided by the section is ample and complete, and, being specific, is exclusive, in respect of the mortgaged property, of all other remedies.

As regards the measure of damages, counsel have stated the rule correctly in the case of conversion of personal property. But this was not a case of conversion. The original petition was, in effect an action to recover damages for trespass in unlawfully taking the property. But the amended petition changed the action so as to make it an action for the recovery of the property and damages for the detention of it. This was done without objection on the part of counsel for the appellants, who conceded, as stated in the opinion, that the appellee was entitled to recover it. So that the only question as to damages was the time to which a recovery might be had. And for the reason that, by the express provisions of the mortgage, the appellee had the right to retain and use the property, the opinion holds that the damages for the detention of the property could be estimated only to the date of the judgment subjecting it to sale to enforce the liens. In such a case damages for detention, but not for taking the property, are recoverable by the plaintiff as provided in section 388 of the Civil Code.

As regards the right of set-off, the opinion does not hold that it did not exist. But, under the statute, it is held that the attorney for the plaintiffs (appellee here) had a lien on the judgment or the amount recovered to secure his fee under his contract, and this we think is well settled. (Kentucky Statutes, section 107; Robertson v. Shutt, 9 Bush, 659.)

The petition for rehearing and modification of the opinion overruled.