[Sac. No. 753.    Department Two.—December 28, 1900.]

## H. C. BLEWETT, Administrator, etc., Respondent, v. HENRY MILLER et al., Appellants.

ACTION UPON SHERIFF'S BOND—SALE OF EXEMPT PROPERTY— NEW TRIAL—NEWLY DISCOVERED EVIDENCE—RESALE BY PURCHASER.—In an action by an administrator upon the official bond of a sheriff for attaching and selling property of the decedent which was exempt from execution, where the administrator has recovered its full value, a new trial should be granted for newly discovered evidence by the sheriff that the execution creditor to whom the exempt property was sold, together with other property not exempt, had resold the entire property to the decedent for a sum less than the value of the nonexempt property, where no lack of diligence appears in the discovery of such new evidence.

ID.—APPEAL—REVERSAL OF ORDER DENYING NEW TRIAL—NEW EVIDENCE—DIFFERENT RESULT — DILIGENCE.—Although, upon appeal from an order denying a new trial for newly discovered evidence, it is usually to be presumed that the discretion of the

court has been properly exercised, yet where it appears that the newly discovered evidence is such as must, if proved upon a new trial, change the result, and the new fact discovered is of such a character that it might have remained undiscovered by the defendant even after the most extraordinary diligence, and was known to and suppressed by the plaintiff at the trial, an order denying the new trial must be reversed upon appeal.

Id.—Measure of Damages for Returned Property.—Where the property whose value is sued for has been returned to the owner, he is considered as having received it in mitigation of damages; and the measure of damages in such case is the expense of procuring its return with interest, together with any special damage which may be shown.

Id.—Apportionment of Value of Repurchased Property.—The whole amount paid on the repurchase of the exempt property, whose value is sued for, and of the nonexempt property sold therewith, should be apportioned between them according to their relative value, and the sheriff and his bondsmen should be charged only with the amount so apportioned to the exempt property, with legal interest from date of sale, and any special damages which may be shown.

APPEAL from a judgment of the Superior Court of Merced County and from an order denying a new trial. William O. Minor, Judge presiding.

The facts are stated in the opinion.

E. N. Rector, and Frank H. Farrar, for Appellants.

Charles H. Marks, and B. F. Fowler, for Respondent.

SMITH, C.—The appeal is from a judgment in favor of the plaintiff and from an order denying the defendants' motion for a new trial; but the only point made by the appellants' counsel, and the only point that need be considered, is that a new trial should have been granted on the ground of newly discovered evidence.

The defendant Warfield is sheriff of Merced county, and, it is found, seized under attachment certain property of the plaintiff's intestate that was exempt from execution—namely, a harvester and five gang-plows. The other defendants are the sureties on his official bond. The suit was brought to recover damages for this taking. The court found that the harvester was at the time of the taking of the value of one thousand dollars

and the plows of sixty dollars, and gave judgment for the aggregate amount, with legal interest from the time of the taking. It appears from the affidavit of Warfield that at the sale of the property levied on by him—consisting of the property in controversy and twenty-three mules and other property—the whole of the property was sold to C. F. Blewett (plaintiff in the attachment suit), for the sum of seven hundred and fifty dollars, who on the same day sold the same to the plaintiff's intestate for the sum of eleven hundred dollars, and that the mules alone were worth more than that sum. Had this fact been known at the trial the result must have been different; for the plaintiff—his intestate having recovered the property—was not entitled to recover its full value. The rule is that "where one recovers his property again which had been unlawfully taken from him, he is considered as having received it in mitigation of damages"; and the measure of damages, in the absence of special damage, is the expense of procuring its return (with interest). (1 Sutherland on Damages, 239; and see 3 Sutherland on Damages, 527; and to same effect 1 Sedgwick on Damages, sec. 58.) The rule applies generally without regard to the means by which the return is secured, whether by purchase or otherwise. "Thus when plaintiff's property was seized and sold by the defendant [a sheriff], and was repurchased by the plaintiff from one who bought it in at the sheriff's sale, it was held that the measure of damages was the amount paid to repurchase the property." (1 Sedgwick on Damages, sec. 58.) The point is directly decided by the court of civil appeals of Texas (1896) in *Field v. Muenster*, 32 S. W. Rep. 417, where the subject is fully discussed and the above and numerous other authorities cited. The decision was affirmed on writ of error by the supreme court of Texas (*Muenster v. Field*, 89 Tex. 102), the court citing as additional authorities *Kline v. McCandless*, 139 Pa. St. 223; *Fields v. Williams*, 91 Ala. 502. The provisions of section 3336 are to be understood as applying only to cases where the property is not returned or recovered—not as abolishing the rule that the recovery of the property is to be considered in mitigation of damages. In such cases the rule is as stated in section 3333 of the Civil Code.

With regard to the question of diligence on the part of the defendant, I have more difficulty in coming to a conclusion. "The presumption is that the discretion [of the lower court] has been properly exercised." (*Heintz v. Cooper*, 104 Cal. 670.) But here the new fact was of such a character that it might have remained undiscovered by the defendant even after the most extraordinary diligence; nor was there anything in the circumstances of the case to put the defendant on inquiry (*Heintz v. Cooper, supra*), unless it was the statement of the witness Hoult that he had seen the harvester on the ranch of the plaintiff's intestate subsequent to the sheriff's sale. But a statement of this kind made by a witness on the trial might, under the circumstances of the case, very well escape the notice even of diligent counsel. For the fact—though known to the plaintiff and his attorneys—was suppressed by them, or at least not referred to in the pleadings; and the plaintiff himself as witness, though sworn to tell the whole truth, said nothing about it. This conduct, whether designed to have such effect or otherwise, would naturally tend to mislead the defendant, and the plaintiff cannot complain if it in fact had such effect.

The case has evidently been tried on a wrong theory, and a new trial should be had. On the new trial the whole amount paid by the plaintiff's intestate on the purchase from C. F. Blewett should be apportioned between the property in controversy and the other property according to relative value; and the defendant should be charged only with the amount apportioned to the former, with legal interest from the date of sale, and any special damages, if any, that may be proved.

I advise that the judgment and order appealed from be reversed and the cause remanded for new trial.

Gray, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are reversed and the cause remanded for new trial.          Henshaw, J., McFarland, J., Temple, J.

Hearing in Bank denied.