## Staunton.

### SHEARER v. TAYLOR, SERGEANT, &c.

September 24, 1906.

Absent, Buchanan, J.

1. WRONGFUL LEVY—*Instructions—Damages.*—In an action on an indemnifying bond to recover damages for a wrongful levy upon the plaintiff's property as the property of another, an instruction giving the plaintiff the right to recover the fair rental value of the property levied on during the period of detention, without regard to whether or not he was deprived of its use, or suffered any damage from the loss of such use, is erroneous. In such a case where no fraud, malice, oppression, or other aggravation, is shown, the object of the law is to give compensation for the injury suffered, and damages are restricted to that object.

2. WRONGFUL LEVY.—*Measure of Damages—Evidence.*—In an action for a wrongful levy on personal property the measure of damages, where the property has a usable value, is the value of the use of the property during its detention, to be estimated by the ordinary market value of such property at the place where the property is located; and on this question evidence of the rental value of the property elsewhere is inadmissible.

3. WRONGFUL LEVY—*Damages—Property Not in Use—Injury to Third Parties.*—Where, in an action for a wrongful levy on personal property, it appears that the plaintiff suffered no loss in consequence of the levy, no damage can be recovered. If at the time of the levy the property was not in use, but, as in the present case, in storage, where it remained undisturbed during the existence of the levy, and the plaintiff had no intention of using it, no damages should be allowed for the loss of the use of the property. Whether or not the plaintiff intended to use the property is a question for the jury. The fact that other persons may have intended to use the property is immaterial, for the only recovery that could be had is the actual loss sustained by the plaintiff himself.

4. WRONGFUL LEVY—*Damage to Property—Question for Jury.*—Where, in an action for a wrongful levy on personal property, the evidence

is conflicting as to whether the property was damaged while in storage during the period of the levy, and as to whether the plaintiff or the defendant was responsible for such damage, it is for the jury to ascertain, upon the whole evidence, what damage to the property, if any, was occasioned by the defendant or his agents, while it was under levy.

Error to a judgment of the Circuit Court of Frederick county. Judgment for the plaintiff. Defendant assigns error.

*Reversed.*

The opinion states the case.

*Barton & Boyd,* for plaintiff in error.

*R. E. Byrd,* for defendant in error.

Harrison, J., delivered the opinion of the Court.

In October, 1903, a distress warrant was sued out by Etta B. Robins to recover of Edward C. Johnson a balance due of about $900 for the rent of a hotel in Winchester. This warrant was levied on the day it was issued upon certain furniture, described in the record, which was claimed by Miss Anne M. Johnson. Thereupon an indemnifying bond was demanded by the officer and given by the plaintiff in error, A. L. Shearer, in the penalty of $1,500. Miss Johnson intervened in the distress warrant proceedings, claiming the property as her own; and an issue was made up, which was tried in October, 1904, and decided in her favor.

In March, 1905, this action was brought by J. W. Taylor, sergeant, suing at the relation and for the benefit of Anne M. Johnson, against A. L. Shearer, upon the indemnifying bond executed by him, to recover damages alleged to have been sustained in consequence of the levy. The bill of particulars filed was as follows:

Loss of use of furniture, $1,000; damage to furniture, $450; ·storage on furniture, $20.

The case was tried in June, 1905, resulting in a verdict in ·favor of the plaintiff for $743. A motion for a new trial was overruled, and thereupon a writ of error was awarded by this ·court.

The action of the court in giving for the plaintiff the follow- ·ing instruction is made ground of exception:

"The jury are instructed that the measure of damage in this ·case is: (1) A fair rental value of the property levied on for the period the same was held under the distress warrant, not exceeding twelve months; (2) the damage to the same occa- ·sioned by the storage during the same period."

This instruction gives the plaintiff the right to recover during ·the period of the detention the fair rental value of the property levied on, without regard to whether she was deprived of its use, or suffered any damage from the loss of such use or not. ·This view of the court was emphasized by the following verbal ·instruction given while the case was under argument, which was also excepted to: "The jury in this case is directed to allow a ·fair rental value for the property during the time it was held under levy, considering the character of the property levied on, ·not exceeding amount claimed in the bill of particulars."

We are of opinion that it was error to give both the written and the verbal instructions here complained of. In a case like ·this, where no fraud, malice, oppression, or other special aggra- ·vation is shown, the object of the law is to give compensation for the injury suffered, and damages are restricted to that ob- ject. *Peshine* v. *Shepperson,* 17 Gratt. 484, 94 Am. Dec. 468; *Fishburne* v. *Engledove,* 91 Va. 558, 22 S. E. 354.·

. Where the property has a usable value, it seems to be well ·settled that the measure of damages is the value of the use of the property during its detention, to be estimated by the ordi- ·nary market value of such property. *Allen* v. *Fox,* 51 N. Y. .562, 10 Am. Rep. 641; *Clark* v. *Martin,* 120 Mass. 543; *Hugh*

v. *Fuller,* 104 Fed. 193; *McGinnis* v. *Savage,* 29 W. Va. 362,. 1 S. E. 746; *Nichols* v. *Campbell,* 10 Gratt. 561.

At the time the levy under consideration was made the property levied on had been in storage for about thirty days under a contract which provided for its storage during a period of twelve months, and the whole of it remained in storage for six. months after it had been released from the levy by the decision. in favor of the plaintiff in this case. This and other evidence · tended to show that the plaintiff had not been deprived of the use of the property at all, but that during the existence of the levy the property remained undisturbed where the plaintiff had stored it and contemplated it should remain during the entire period of the levy. If no use of the property was contemplated by the plaintiff, she suffered no loss of use in consequence of the levy, and therefore was not damaged. The effect of the instruction given was to exclude from the jury all consideration of the evidence tending to show that the plaintiff had suffered no loss of use of the property, and to require them. to ascertain its rental value without regard to whether or not injury had been suffered as a result of the levy.

The evidence was conflicting as to whether the property was damaged while in storage during the period of the levy, and as to whether the plaintiff or the defendant was responsible for· such damage. It was, therefore, for the jury to ascertain, upon the whole evidence, what damage to the property, if any, had been occasioned by the defendant or his agents while it was. under levy.

· The action of the Circuit Court in refusing to give the following instructions asked for by the defendant is also assigned as error:

"(1) The jury is instructed that the plaintiff can only recover in this case for such actual loss as she herself, and nobody else, did in fact sustain by inability to use the property levied on, and for such expense of storage and damage to the furniture as she may have sustained in consequence of said.levy.

"(2) The jury is instructed that the only recovery in this case can be of such actual loss as the plaintiff herself, and nobody else, did in fact sustain because of the levy, by her inability to use the property levied on, and such expense of storage and damage to it caused by the same; but if the jury believe that the property was put in storage by the plaintiff before the levy, and would have remained there even if it had not been levied on, they must find for the defendant, whether it was levied on or not."

The plaintiff did not testify in the case. The only evidence on her behalf was that of her mother and sister. Their testimony as to loss of use of the property was very vague and meagre, consisting of such expressions as "We wanted it to go housekeeping with"; "We looked at a small house, and could not rent it because we could not get the furniture"; "We were considering going to housekeeping, but could not do so because we could not get the furniture." It is by no means clear who were included in the term "we." There is no proof that it had any application except to the sister and mother who were testifying and using the word. As no one but the plaintiff had any right to recover of the defendant damages for the loss of the use of the furniture, it was proper, in view of this evidence, as was done by these rejected instructions, to tell the jury that the only recovery there could be in the case was such actual loss as the plaintiff herself, and no one else, had in fact sustained by reason of the levy.

What has been said in dealing with the instruction that was given applies to the latter part of the second rejected instruction, and need not be repeated here. The evidence shows that the property was put in storage by the plaintiff and was never removed from such place of storage by the defendant, notwithstanding the levy. It was a question for the jury to determine, from the whole evidence, whether or not the plaintiff had any intention of using the property during the time it was under levy. If she had no intention of using it during that time, and

it remained where she put it and desired it to be, she suffered no injury from loss of use, and could, therefore, recover no damages on that account. It was proper, therefore, that the jury should have been instructed to that effect.

In answer to a question as to the rental value of the property levied on Miss Mary Johnson, a witness for the plaintiff, among other things, said, that a house of fourteen rooms was rented in Baltimore for $50.00 per month, and that furnished with the property and furniture levied on it was subsequently let for $150.00 per month. The court overruled an objection to this answer, and a bill of exceptions was taken.

We are of opinion that this evidence should have been stricken out. It is true that the rental value of the property may be shown as one means of proving the value of the loss of the use, but the value of the use should be estimated by the fair market value at the place where the property is located. What the value of the use of furniture of the character described might be, as giving the rental value to a furnished house in Baltimore, would be no criterion for determining the value of the use of the same furniture in Winchester.

For these reasons the judgment complained of must be reversed, the verdict of the jury set aside, and the case remanded for a new trial, to be had not in conflict with the views expressed in this opinion.

*Reversed.*