# PALMER *v.* UNITED STATES OF AMERICA, USE OF JESSIE C. LANE.

MARSHAL; WRONGFUL LEVY; DAMAGES, MEASURE OF.

1. The vendor in a bill of sale, in effect a chattel mortgage, reciting that the property will be delivered when the vendee sends for it, cannot recover damages for a wrongful levy on the same under process directed against a third person, if, when the levy was about to be made, the vendee declared his intention of taking immediate possession, since such declaration would constructively terminate the vendor's possession, and necessarily his right to recover damages for the disturbance of his possession.

2. The general rule is that damages are to be measured by the actual injury suffered, in the absence of fraud, malice, oppression, or other aggravation.

3. The damages recoverable from an officer for a wrongful levy upon goods subsequently taken from him by a third person under a paramount title are measured, not by the value of the goods, but by the injuries occasioned the plaintiff by the actual detention by the officer from the date of levy until the goods were taken from him.

No. 2571.   Submitted December 3, 1913.   Decided January 5, 1914.

HEARING on an appeal by the defendants from a judgment of the Supreme Court of the District of Columbia, on verdict, in an action to recover damages for an alleged wrongful levy upon personal property of plaintiff under a writ of attachment.

*Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal from a judgment in the supreme court of
the District for the plaintiff, Jessie C. Lane, appellee here, in an
action for trespass *de bonis asportatis* for an alleged wrongful
levy by Aulick Palmer, the marshal of the District, one of the
defendants below, upon personal property of the beneficial plain-
tiff, under a writ of attachment before judgment, by one Cham-
berlaine, against plaintiff's husband.

There appears to be no dispute that the writ of attachment
under which the marshal acted was regular in form.    Armed
with the writ, the marshal, by his deputy, who was accompanied
by the plaintiff in the attachment proceeding, on September 13,
1909, went to the residence of the plaintiff herein and her hus-
band, where was located the property to be levied upon, consist-
ing of pictures, paintings, and rugs.    Mr. and Mrs. Lane (plain-
tiff herein and her husband), a Mr. H. W. Van Senden, and
another, were present.    According to the evidence for the plain-
tiff the deputy was informed by Mr. and Mrs. Lane that the
property belonged to Mrs. Lane, and that Mr. Van Senden
stated:    "The pictures and rugs are the property of Mrs. Lane,
and I have a bill of sale upon them, and if you take them, you
take them at your peril."    According to the evidence for the
defendants, Mr. Van Senden claimed that the property was his,
and "that he was entitled thereto and to the possession thereof
by virtue of the said bill of sale," and that the deputy would
take said property at the marshal's peril.    Thereupon the
deputy announced that he must obey the instructions of his of-
fice, and proceeded to take down the pictures from the walls,
called in two appraisers, and had the rugs and pictures ap-
praised, the rugs rolled up, and some of them taken out on the
back porch.    It was then agreed by the plaintiff in the attach-
ment proceedings, Mr. Chamberlaine, and Mr. Lane, with the
consent of the deputy, that the goods should not be removed from
the premises that night, but should remain in the custody of
Mr. Lane until the following morning, when a watchman might
be put in charge of them.    The following morning, September

14, 1909, a watchman was put in charge of said property by the marshal, and he remained in charge thereof until the 18th of September, when the property was seized by the coroner of the District on a writ of replevin in a suit by Mr. Van Senden, and, on the 23d day of September, without having theretofore been removed from the premises, delivered to Mr. Van Senden, in whose possession the property has since remained.

The bill of sale, which was duly recorded, to Mr. Van Senden, was in consideration of the payment by him to Mrs. Lane of $2,400. It recites that the property covered by it "will be delivered to said H. W. Van Senden when he sends for same." While it was in form an absolute bill of sale, according to the evidence it was in effect a chattel mortgage.

There was no evidence of oppression or other aggravation on the part of the deputy in making the levy, nor is there any dispute as to the right of Mr. Van Senden to the attached property.

One of the pleas filed by the defendants was the following: "5. After the seizure and taking by the defendant, Aulick Palmer, on, to wit, the 13th day of September, A. D. 1909, of the goods, chattels, and personal property in the declaration mentioned, the same was thereafter, under a writ of replevin duly issued at the suit of one Herman W. Van Senden against the defendant, Aulick Palmer, in the certain action at law No. 51,944 on the dockets of the supreme court of the District of Columbia, and on, to wit, the 18th day of September, A. D. 1909, taken from the custody and possession of the said defendant by the coroner of the District of Columbia, and since the said last-mentioned day and date none of the said goods, chattels, and personal property has been in the possession, custody, or control of the said defendant; wherefore, since the said last-mentioned day and date the said defendant has not deprived the said Jessie C. Lane of any part of the said goods, chattels, and personal property, or the possession thereof; and this the defendants are ready to verify." To this plea plaintiff interposed a demurrer averring: "1st. That the marshal, having taken the property from the possession of the use plaintiff, cannot

plead in defense thereto that someone else took the property from him, or the right of a third party to the goods. 2d. That said plea does not present a material issue." The demurrer was sustained.

Over the objection and exception of the defendants, the court, at the request of the plaintiff, instructed the jury that if they believed from the evidence that, at the time of the seizure of the goods mentioned in the declaration, such goods were in the possession of the plaintiff, their verdict must be for the plaintiff, unless they believed that the goods were actually owned by Mr. Lane.

The defendants requested the court to charge the jury that if they believed from the testimony that, at the time of the attachment and prior to the actual levy of the same, Mr. Van Senden was present and claimed the property by virtue of his bill of sale, such an act on his part constituted the taking possession by him of the property, so that it was not in the possession of the beneficial plaintiff, and hence that she could not recover. A further prayer, based upon said fifth plea, was requested by the defendants to the effect that if the jury should find t....t, after the levy upon the property by the marshal, the same was seized and taken from him by the coroner of the District upon a writ of replevin, and that thereafter the property was not in the custody and control of the said defendants, no damages should be awarded to the beneficial plaintiff after such seizure by the coroner. Each of these prayers was refused, and an exception noted. The jury returned a verdict for the plaintiff in the sum of $3,000.

*Mr. Henry E. Davis,* for the appellants:

1. The attempted levy was upon the property, and against the right, of Van Senden, and not of the plaintiff. (a) Actual possession of the property by Van Senden was not necessary.

The bill of sale was duly executed, acknowledged, and recorded, and is, as between the parties thereto, and those having notice thereof, valid and effective to pass the title to the chattels.

therein described, even though the vendor remain in possession thereof. *Colbert* v. *Baetzer,* 4 App. D. C. 416; *Eastern Trust, etc. Co.* v. *Willis,* 6 App. D. C. 383; *Hume* v. *Riggs,* 12 App. D. C. 366; *United States* v. *Groome,* 13 App. D. C. 470.

The recording of a chattel mortgage stands as notice to all the world of the existence of the lien thereby created as it stood when the mortgage was executed, and that the mortgagee would have the right to take possession thereunder; and when taken, the possession relates back to the time of the execution of the mortgage. *Thompson* v. *Fairbanks,* 196 U. S. 516, 521, 524.

But whether duly recorded or not, notice of the bill of sale and the claim thereunder to the marshal was alone sufficient for the assertion of Van Senden's right in the premises.

A sheriff who sells property upon which there is a mortgage, and of which he has notice, is liable to the mortgagee for the value of the same. *Gilbert* v. *National Cash Reg. Co.* 67 Ill. 606; *State* v. *White,* 70 Mo. App. 1; *Worthington* v. *Hanna,* 23 Mich. 53; *Huellmantel* v. *Vinton,* 112 Mich. 47.

It is sufficient if there be such a title as draws after it a constructive possession. *Gauche* v. *Mayer,* 27 Ill. 133.

After demand by the owner upon a sheriff for property seized by him under a writ against another, the sheriff is liable to the owner. *Armstrong* v. *Bell,* 102 Ky. 149.

The "owner" was a mortgagee living, not in the city where the levy was made, but in another city, where the mortgage was recorded; and the notice held by the court sufficient to have arrested the levy was a simple verbal statement to the sheriff by the mortgagor of the fact of the mortgage.

And it is not necessary to a mortgagee's demand upon the sheriff to arrest a levy, or to his right thereafter to sue the sheriff for a conversion, that the mortgagee be at the time entitled to possession. *Wells* v. *Chapman,* 59 Iowa, 658; *Scaling* v. *Bank,* 87 S. W. 715; *Taylor* v. *Seymour,* 6 Cal. 512; *Killey* v. *Scannell,* 12 Cal. 73; *Fuller Co.* v. *McDade,* 113 Cal. 36; *McGraw* v. *Bishop,* 85 Mich. 72; *Anderson* v. *Cook,* 100 Mich. 621; *Benton* v. *McCord,* 96 Ga. 393; *Snyder* v. *Hilt,* 32 Ky. 204.

If, after notice of claim of a mortgagee to a sheriff about to levy, the sheriff proceeds with the levy, the mortgagee may replevy the property seized. *Coleman* v. *Reel,* 75 Iowa, 304; *Van Marter* v. *Lucas,* 64 N. J. L. 182.

A sheriff making a seizure of property after he has been informed that the title is not in the debtor, but in some third person, is bound, with the seizing creditor, to indemnify such third person in damages. *Atkinson* v. *Atkinson,* 15 La. Ann. 491.

A sheriff refusing to recognize a vendor's right of stoppage *in transitu,* and thereafter selling the goods which are subject to that right, is answerable for their value to the vendor. *Harris* v. *Tenney,* 85 Tex. 254.

It is immaterial whether the notice of claim be given to the officer before or after the writ is placed in his hands. *Stuart* v. *Brown,* 60 Iowa, 275.

If a sheriff takes the property of one to pay the debt of another, whether he has knowledge of defect of title or not, he is liable to the real owner; and if he sells the property, he is liable to the purchaser for a return of the purchase money, if the property is recovered by the owner. *Harrison* v. *Shanks,* 13 Bush, 620.

(b) Assuming actual possession by Van Senden of the property in question to have been necessary at the time of the attempted levy, the circumstances constituted such possession, and made the levy one in effect upon his property and not upon that of the plaintiff. *McLoud* v. *Wakefield,* 70 Vt. 558; *Smith* v. *Judge,* 53 Mich. 560; *Tannehill* v. *Tuttle,* 3 Mich. 104; *Williams* v. *Dobson,* 28 Cal. 110; *Dunlop* v. *Steele,* 80 Ala. 424; See *Udell* v. *Slocum,* 56 Ill. App. 216; *Merritt* v. *Miller,* 13 Vt. 416; *Sloan* v. *Surety Co.* 77 N. Y. Supp. 561; *Smith* v. *Smalley,* 46 N. Y. Supp. 277, and cases cited. See *Beaman* v. *Bank,* 35 Colo. 373.

2. It may not be doubted that the defendants might properly assert and show the right of Van Senden in the premises. The defendants were sued for the alleged wrongful taking of the property of the plaintiff. Any fact showing that the property taken was not that of the plaintiff is good in defense of the

action. *Creswell* v. *Smith,* 61 S. C. 575; *Mansfield* v. *Sumner,* 3 Met. 94.

3. The defendants might properly rely upon the taking of the property by replevin from the marshal as absolving them from any subsequent liability in respect thereof. *Phoenix Co.* v. *Arbuckle,* 52 Ill. App. 33; *Kreher* v. *Mason,* 20 Mo. App. 29; *Van Mater* v. *Lucas, supra; Mansfield* v. *Sumner, supra; Woodward* v. *McDonald,* 116 Ga. 748; *Tagert* v. *Hill,* 1 N. C. 277 (Conference Reports, 164, 2d ed. 283); *J. B. Sanarens & Co.* v. *True,* 22 La. Ann. 183; *Lowenberg* v. *Jeffries,* 74 Fed. 385; *Governor* v. *Gibson,* 14 Ala. 326.

*Mr. Charles Poe* and *Mr. H. Winship Wheatley,* for the appellee:

1. There can be no longer any doubt that the sureties upon the bond of a United States marshal are liable, as well as the principal, upon his official bond, for taking the goods of one person under a writ commanding him to take those of another. *Lammon* v. *Feusier,* 111 U. S. 17; *Buck* v. *Colbath,* 3 Wall. 234; *Snively* v. *Fahnestock,* 18 Md. 391.

2. In cases of attachment before judgment, where the marshal (sheriff) takes goods and is sued for their illegal seizure, he must show, where the foundation of the attachment proceeding is the fraud of the defendant in that proceeding, that there was a debt due by the defendant in the attachment proceedings to the plaintiff therein, before he will be heard in defense of his seizure of the goods, and, if he has seized the goods claimed by the plaintiff in the case for damages against him, he will not be heard to say that the goods belong to a third party, or, in other words, to set up the *jus tertii,* unless all the proceedings in the attachment case, including the existence of the debt itself, are established by him to be regular. *Damon* v. *Bryant,* 2 Pick, 411; 25 Enc. p. 704, 2d ed.; *Danville* v. *Mayhall,* 128 Cal. 617; *Sears* v. *Lyden,* 49 Pac. 125; *Pease* v. *Anderson,* 44 Ill. 216; *Mills* v. *Talbott,* 63 Kan. 14; *Hornberger* v. *Brandenberg,* 35 Minn. 401; *Howard* v. *Manderfield,* 51 Minn. 337; *Hines* v.

*Chambers,* 29 Minn. 7; *Ford* v. *McMaster,* 6 Mont. 240; *Hakason* v. *Brodke,* 36 Neb. 42; *Winshell* v. *McKinzie,* 35 Neb. 813; *Keys* v. *Grannis,* 3 Nev. 548; *Van Etten* v. *Hurst,* 6 Hill, 311; *Noble* v. *Holmes,* 5 Hill, 194; *Darsen* v. *Acker,* 23 Wend. 480; *Smith* v. *Holt,* 37 App. Div. 24; *Bugbee* v. *Lomback,* 88 Wis. 271; *Bogert* v. *Phelps,* 14 Wis. 88; *Lammon* v. *Feusier,* 111 U. S. 17; *United States* v. *Hine,* 3 McArth, 27; *Wanamaker* v. *Bowes,* 36 Md. 1.

Mr. Justice ROBB delivered the opinion of the Court:

It will be apparent at once that the question for determination is as to the measure of damages under the facts disclosed. The plaintiff insists, and her view evidently was adopted by the trial court, that the measure of damages was the value of the goods at the time of the levy. The defendants contend that if the jury should find that the vendee in the bill of sale, prior to the actual levy, asserted his right to possession, that right being paramount to the right of possession of Mrs. Lane, she could recover nothing in this action. The second contention of the defendants is that, even if the jury should find that Mr. Van Senden did not assert an immediate right of possession, they should not be compelled to pay damages after he had asserted his paramount title and taken the property from the possession of the marshal.

Until Mr. Van Senden asserted his right to possession, Mrs. Lane was entitled to the possession of this property. Any unauthorized disturbance of that possession entitled her to damages. As possession is the foundation of her action, it follows that the fact of possession was vital to her right of recovery at all. That Mr. Van Senden might assert his right to possession at any time must, of course, be admitted. If, therefore, the jury should find that he asserted that right, that is to say, if they should find that he, having the legal title to this property, declared his intention immediately to take possession of it, then the marshal did not disturb the possession of the plaintiff, and should not be mulcted in damages in this action. Under such

conditions it would have been the possession of Mr. Van Senden
that was disturbed, and not that of the plaintiff. It has been
held that where a sheriff attached property under a valid attach-
ment, and, while still holding the property, attached it on a
second writ, he was not liable for conversion, although he had
no right to make the second attachment. *Page* v. *Carpenter,*
10 N. H. 77; *Luce* v. *Hoisington,* 54 Vt. 428. These cases
illustrate the idea that courts deal with facts, and not fictions.
Theoretically, in the cases cited, the officer would have been lia-
ble, for his second levy was unlawful; practically, having pos-
session of the goods under a valid attachment, another levy un-
der an invalid attachment could do no harm so long as the
former remained in force. Here Mr. Van Senden could do
no more when the deputy appeared than assert his right to pos-
session. If he asserted that right, the right of possession of Mrs.
Lane constructively terminated, and thereafter, as above sug-
gested, it was the possession of Mr. Van Senden that was dis-
turbed, and not hers. We think, therefore, that it was error
to refuse to instruct the jury that if they should find that Mr.
Van Senden asserted his right to immediate possession the plain-
tiff could not recover.

There being a conflict in the evidence as to whether Mr. Van
Senden did more than merely indorse the statement of the
Lanes as to the effect that the property belonged to Mrs. Lane,
and that he held a bill of sale in the nature of a chattel mortgage
on it, we will now proceed to a discussion of another phase of
the case.

While the authorities are by no means uniform upon the sub-
ject, we think the general rule to be to the effect that, in the
absence of fraud, malice, oppression, or other aggravation, dam-
ages are to be measured by the actual injuries suffered. It is
evident that a different policy might result in injustice, and
tend to deter suitors from adopting and pursuing in good faith
forms of law for the assertion of their rights. In the early
case of *Mansfield* v. *Sumner,* 6 Met. 94, it was ruled that where
an officer sells attached goods on mesne process, and after the
suit on which they were attached is dismissed, and the defend-

ant in that suit brings an action against the officer to recover the proceeds of the goods, the officer may defend by showing that the goods were the property of a third person, who has recovered or demanded satisfaction of him for seizing them. The court said: "Now, when an officer is commanded by his precept to attach the goods of A, if he attach the goods of B, he is liable to the latter in an action of replevin or trespass. If such an action be brought, and the goods or their value be recovered against him, he must be allowed to aver and show that fact in the suit brought against him by the original defendant. Two persons cannot be severally owners of the same goods, at the same time. Showing, therefore, that B, a stranger, had a good paramount title, and that he had recovered or demanded the goods of the officer, is a bar to a suit of the original defendant; otherwise, the officer would be answerable for the goods twice, which would be unjust." In *Shearer* v. *Taylor,* 106 Va. 26, 55 S. E. 7, which was an action to recover damages for a wrongful levy upon property that was in storage, the court held that in such an action the measure of damages, where the property has a usable value, is the value of its use during its detention, and that if it appears that the plaintiff suffered no loss in consequence of the levy, no damages can be recovered; that the object of the law is to give compensation for the injury suffered, and that damages should be restricted to that object. In *Wanamaker* v. *Bowes,* 36 Md. 42, the court said: "It is equally clear, both upon reason and authority, that if, after the illegal seizure, the goods had been taken out of the hands of the defendant by legal process, as by execution at the suit of another, or if a distress had been actually levied thereon for rent in arrear, and the goods, or some of them, taken thereunder, such fact could be given in evidence in mitigation of damages." The court further said that where there has been a wrongful taking of the plaintiff's goods, the wrongdoer will not be allowed *voluntarily* to appropriate the proceeds to the payment of plaintiff's debts, or in any other way apply them voluntarily to his use without plaintiff's consent, but that there is a distinction between such an appropriation by the defendant, and a taking or appropriation

by judgment or operation of law. In *Gaer, S. & Co.* v. *Lyons,* 99 Ky. 672, 37 S. W. 73, 148, which was an action for the recovery of personal property wrongfully taken under an attachment, and damages for the taking and detention thereof, it appearing that the property was mortgaged, the court ruled that the plaintiff was entitled merely to recover damages for the detention *up to the date of a judgment of foreclosure,* at which time the right of possession ceased. In other words, it was ruled that recovery could not be had for any period beyond the time when the plaintiff's "righ⁺ to the possession of the property terminated." *Porter* v. *Knight,* 63 Iowa, 365, 19 N. W. 282, where an attachment wrongfully sued out was levied upon chattels which the defendant had previously mortgaged, it appeared that the chattels were taken from the officer, and sold under the mortgage for less than their value, the surplus, after satisfying the mortgage, being paid over to the officer. The court held that the attachment plaintiff was not liable for any loss occasioned to the defendant in the attachment proceeding by reason of the sale under the mortgage, but only for the surplus paid over to the officer, with costs, and the value of the defendant's right, if any, for the use of the chattels *from the time of the levy until they were taken under the mortgage.*

In the present case, the property was in the custody of the marshal from September 13th to September 18th, a period of a few days, when Mr. Van Senden, asserting his paramount title, obtained legal possession thereof, and thereafter retained it. Upon what principle of reason or justice can it be said that the damages sustained by Mrs. Lane should be measured by the value of the goods? It is plain that under such a rule the marshal would have been liable in two separate actions, one by Mrs. Lane for the entire value of the goods, the other by Mr. Van Senden for the value of his interest therein; and recovery under the latter action could not have been plead in mitigation of damages in the former. Indeed, this is boldly asserted by counsel for the plaintiff. As we stated at the outset, the policy of the law is to protect actual, and not fictitious, rights. If Mrs. Lane's possession of this property was disturbed, she

should receive reasonable damages for such disturbance; but it would be a perversion of justice, in our view, to deny to the defendant the right to show that Mr. Van Senden, asserting his paramount title, took the goods from the marshal in the suit of replevin.

It has been held that when the owner recovers his property the measure of damages is the expense of procuring its return, and any special damages which may be shown. *Hyde* v. *Kiehl,* 183 Pa. 414, 38 Atl. 998; *Blewett* v. *Miller,* 131 Cal. 149, 63 Pac. 157; *Felton* v. *Fuller,* 35 N. H. 226; *Dodson* v. *Cooper,* 37 Kan. 346, 15 Pac. 200. Under this rule, had the marshal surrendered the property seized he would have been liable only for the damages occasioned by the previous detention, assuming that the property was not injured by the seizure. But Mr. Van Senden, the legal owner, through the replevin suit asserted his paramount title, the title with which he had been invested by the plaintiff herself, and thus rendered it impossible for the marshal either to surrender possession to the plaintiff, or to hold the property to await the outcome of the attachment proceeding. The moment the real owner seized the property, that moment the marshal's interference with plaintiff's right of possession terminated, and plaintiff's damages should be measured on that basis. The extent of her equitable interest in this property, if any, is now a question between her and Mr. Van Senden. Certainly the marshal has not deprived her of that interest.

The demurrer to defendant's fifth plea should have been overruled, and a prayer in harmony therewith granted.

The judgment will be reversed, with costs, and the cause remanded for a new trial.          *Reversed and remanded.*