**HALL v. GORDON et al.**

**No. 7955.**

United States Court of Appeals for the
District of Columbia.

Argued April 16, 1942.

Decided June 1, 1942.

Mr. James E. Holloman, of Washington,
D. C., for appellant.

Mr. Arthur J. Hilland, with whom Mr.
DeWitt S. Hyde, both of Washington,
D. C., was on the brief, for appellee Gordon,
and Mr. Robert E. Lynch, with whom Miss
Anna Shapiro, both of Washington, D. C.,
was on the brief, for appellee Union Storage and Transfer Company.

Before STEPHENS, EDGERTON, and
RUTLEDGE, Associate Justices.

EDGERTON, Associate Justice.

On January 27, 1937, certain furniture of
appellant Irene Hall, also known as Irene
Catlett, was moved and stored by appellee
Transfer Company. The company first
listed it in the name of Perry L. Catlett,
who delivered it to the company with appellant's approval. At appellant's request,
the company corrected its records to show
that the furniture was stored in her name,
Irene Catlett. On January 29, 1937, appellee Gordon caused an attachment to issue
on an unpaid judgment against Perry L.
Catlett. Gordon had garnishment served
on appellee company, requiring it to state
whether it was indebted to Perry L. Catlett
or had any of his property in its possession. The company replied that it was
not indebted to Perry L. Catlett, and that
it had furniture on storage, subject to the
company's charges, "in the name of *Irene
Catlett.*" Gordon did not traverse the company's answers or take possession of the
furniture. In February, 1938, the company

sold the furniture at auction and applied the proceeds on account of storage charges.

Appellant afterwards brought this action against the company and Gordon, to recover compensatory and punitive damages for the deprivation and ultimate loss of her furniture. She alleged that Gordon caused her furniture to be attached, and failed to release it though he knew it belonged to her. She alleged that the company refused to deliver it on her demand and tender of charges, and claimed to hold it subject to Gordon's attachment. Appellees defended on the ground that the furniture was not attached and that the company withheld it only because appellant failed to tender storage charges. Gordon was permitted, at the trial, to assert as an additional defense that he had acted on advice of counsel.

This appeal is from a judgment for appellees on a jury's verdict. Appellant's principal contentions are that the court erred (1) in permitting Gordon to assert a new defense at the trial, (2) in rulings on evidence, and (3) in failing to direct a verdict for compensatory damages.

There was no error in permitting Gordon to amend his answer.[1] Evidence of the relationship between appellant and Perry L. Catlett was relevant on the issue of malice in connection with the claim of punitive damages, and was therefore rightly admitted. Evidence of prior dealings between appellant and the company was rightly excluded as irrelevant, since the company did not claim that appellant failed to identify herself. Cross-examination of appellant's witness Perry L. Catlett as to convictions of crime was proper.[2]

Appellant did not dispute the company's right to withhold the furniture until the original charges for moving and storage were paid, nor did she question the regularity of the sale. Her failure to tender payment was therefore sufficient to defeat her claims against both appellees.[3] Conflicting evidence concerning tender was rightly submitted to the jury, and sustains its verdict. Accordingly we need not consider appellant's contentions regarding punitive damages. Her other exceptions are without merit.

Affirmed.

[1] Federal Rules of Civil Procedure rules 7 (b) (1), 15 (a), 28 U.S.C.A. following section 723c.

[2] D.C.Code 1940, § 14—305.

[3] Cf. Palmer v. United States, 41 App. D.C. 341, 349, Ann.Cas.1915B, 1216.