## SEVART v. PAPEC MACH. CO.
### No. 5337.

United States District Court
W. D. Missouri, W. D.
Nov. 27, 1948.

Robert L. Robertson and Fred J. Freel, both of Kansas City, Mo., for plaintiff.

Leo T. Schwartz and John A. McGuire, both of Kansas City, Mo., for defendant.

REEVES, Chief Judge.

Counsel for plaintiff moved to strike from the defendant's answer the averments designated as First Defense and Eighth Defense. In the brief, however, complaint is made against the averments designated as Seventh Defense. The basis of the motion is, "that said Defenses are vague, general and indefinite and are mere conclusions on the part of defendant which constitute and are insufficient defenses to plaintiff's cause of action."

The motion is based upon Rule 12, subparagraph (f), Federal Rules of Civil Procedure, 28 U.S.C.A. This division of the rule provides that, upon motion "* * * the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." It is the contention of the plaintiff that the defenses interposed by the defendant are insufficient.

Adverting to these defenses, the first one is an allegation that, "The complaint fails to state a claim against defendant upon which relief can be granted." The Seventh Defense invokes the laws of the State of Kansas where the alleged cause of action accrued, and then continues:

"* * * plaintiff's decedent voluntarily adopted a dangerous and hazardous method or manner of performing the task that he was then undertaking when there was available to him a safe method and he thereby assumed the risk of injury in performing his undertaking, and for that reason plaintiff is not entitled to recover herein."

The Eighth Defense is an averment of contributory negligence by the decedent.

1. By Rule 8 Federal Rules of Civil Procedure, paragraph (b), it is provided that:

"A party shall state in short and plain terms his defenses to each claim asserted * * *."

This provision for defenses is analogous to the requirements for the complaint, which is that it shall contain, "(a) * * * (2) a short and plain statement of the claim showing that the pleader is entitled to relief * * *."

By paragraph (c) of said Rule 8 it is specifically provided that:

"In pleading to a preceding pleading, a party shall set forth affirmatively * * *, *assumption of risk,* contributory negligence, * * *."

The Seventh and Eighth Defenses employ language consonant with the Rules and set forth affirmatively "assumption of risk" and "contributory negligence."

2. The first defense against which plaintiff complains is that the complaint does not state a cause of action. By paragraph (b) of Rule 12 Federal Rules of Civil Procedure it is specifically provided that:

"Every defense, *in law* or fact, to a claim for relief in any pleading, * * * shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may *at the option of the pleader* be made by motion: * * * (6) failure to state a claim upon which relief can be granted."

It will be observed from the foregoing that the paragraphs mentioned in defendant's answer are invulnerable as against the motion filed by plaintiff, and that said motion should be overruled. It will be so ordered.