## ARGUED AND DETERMINED

IN THE

# SUPREME JUDICIAL COURT

OF

# MASSACHUSETTS.

---

### WILLIAM H. ZINN *vs.* WILBUR P. RICE.

Suffolk.   November 13, 1890. — May 20, 1891.

Present: FIELD, C. J., W. ALLEN, HOLMES, & MORTON, JJ.

*Excessive Attachment — Abuse of Process — Commencement of Action.*

An action for maliciously making an excessive attachment of property, not for the purpose of securing a debt, but for the purpose of injuring the debtor, may be brought before the termination of the original action in which the attachment was made.

TORT, to recover damages for alleged wrongful acts of the defendant, in that, in an action of contract brought by him against the plaintiff to recover the sum of $4,522.45, he maliciously placed the *ad damnum* in the writ at $40,000, and maliciously caused to be made various attachments, each in the sum last named, upon the real and personal property of the plaintiff, to his great damage.

At the trial in the Superior Court, before *Lathrop, J.,* the plaintiff offered to prove that the defendant on February 7, 1889, sued out a writ in an action of contract, in which the damages were laid at $40,000; that on February 9 two successive attachments, each in the sum of $40,000, were, under the defendant's

instructions, placed on the plaintiff's real estate, which was worth many times the amount owed to the defendant by the plaintiff; that on February 12, 1889, the defendant caused an attachment in the same sum to be placed upon the plaintiff's stock of goods and merchandise, valued at about $100,000, situated in his stores in Boston, and a keeper was put over the same who remained there for two days; that at this time the plaintiff was, as the defendant knew, absent from the Commonwealth for the benefit of his health; that subsequently, in the absence of the plaintiff and upon the statement of his counsel, an order was obtained in the Superior Court reducing the *ad damnum* in the writ to $10,000; that the defendant did what he did maliciously, and for the avowed purpose of injuring the plaintiff; and that by these acts of the defendant the plaintiff had been greatly damaged. It also appeared that the original action in which the attachments were made had not been terminated when the present action was brought, but was still pending before an auditor.

The judge ruled that the present action was prematurely brought, and ordered a nonsuit to be entered; and the plaintiff alleged exceptions.

*B. L. M. Tower*, for the plaintiff.

*R. M. Morse, Jr.*, for the defendant.

1. The same principles of law apply to an action to recover damages for excessive attachment as apply to an action for malicious arrest. In *Lindsay* v. *Larned*, 17 Mass. 190, an action on the case to recover damages for an attachment made in a suit on several promissory notes, it was held that the case was similar to the ordinary case of malicious prosecution. In *Savage* v. *Brewer*, 16 Pick. 453, an action for malicious prosecution, where property was attached to the value of $1,500 to secure a debt of $120, Wilde, J., after stating the law in respect to malicious arrest, said (p. 457): " It seems to us, that the same reason and principle applies to the taking of personal property, under our process of attachment, where the amount of property attached is manifestly excessive." In discussing the law of malicious prosecution, in *Cardival* v. *Smith*, 109 Mass. 158, Gray, J. said: " When the suit complained of is a civil action, wholly under the control of the plaintiff therein, it would seem that a discharge thereof by him, without any judgment or verdict, is a sufficient termination of

the suit; and that, for instance, if one maliciously causes another to be arrested and held to bail for a sum not due, or for more than is due, knowing that there is no probable cause, and, after entering his action, becomes nonsuit, or settles the case upon receiving part of the sum demanded, an action for a malicious prosecution may be maintained against him." See also *Rossiter* v. *Minnesota Bradner-Smith Paper Co.* 37 Minn. 296; *Newark Coal Co.* v. *Upson*, 40 Ohio St. 17.

2. To recover in an action for malicious prosecution, there must first have been a termination of the action sued upon. *Bicknell* v. *Dorion*, 16 Pick. 478. *O'Brien* v. *Barry*, 106 Mass. 300. *Cardival* v. *Smith*, 109 Mass. 158. *Hamilburgh* v. *Shepard*, 119 Mass. 30. *Ripley* v. *McBarron*, 125 Mass. 272. A reduction of the amount of the attachment in accordance with the provisions of the Pub. Sts. c. 161, § 121, is not a termination of the former action such as to give a right of action for malicious prosecution. It does not determine the rights of the parties, any more than the increase of the *ad damnum* in a writ, or the issuing of a special precept for an increased attachment, determines the rights of the plaintiff. *Non constat* that at some time before final judgment the plaintiff might not amend his declaration, and insert an additional claim sufficient to justify the attachment.

3. Actions for excessive attachment have been sustained, although no allegation was made of the termination of the original action in favor of the plaintiff, and where in fact that action had not been terminated. But the attachment in these cases generally was of personal property of which the owner had been deprived, and in every case the decision was upon the ground that the action was for abuse of legal process, and not for malicious prosecution. The action in the case at bar is not an action for abuse of legal process. See *Johnson* v. *Reed*, 136 Mass. 421.

W. ALLEN, J. It is not contended that the facts alleged in the declaration and offered to be proved at the trial are not sufficient to sustain an action by the plaintiff against the defendant. The defendant's contention is, that the action is prematurely brought; that it is an action for malicious prosecution, and subject to the rule that a suit for malicious prosecution cannot be maintained until the prosecution has terminated in favor of the plaintiff. But the rule applies only to suits for maliciously

instituting groundless prosecutions, and does not apply to the injurious and malicious use of process in proceedings which were commenced with probable cause. The latter, being for the malicious use of legal process by acts authorized by its terms, may be called actions for malicious prosecution, to distinguish them from actions for the abuse of process by doing, under color of legal process, acts not authorized by it; but there is no rule of law that in such an action the termination of any former suit must be shown. The rule is founded on the necessity of proving that a prosecution which itself puts in issue the truth of the charge on which it is founded is without probable cause. A defendant in such an action cannot bring another action to try the issue tendered him in the first, while that issue is pending. The rule is by its terms and nature limited to a prosecution to establish a charge or cause of action, and cannot include an *ex parte* use of process incidental and collateral to such a prosecution, and in defence to which falsity of the charge cannot be shown. *Parker* v. *Langly*, 10 Mod. 209. *Fortman* v. *Rottier*, 8 Ohio St. 548. *Bump* v. *Betts*, 19 Wend. 421. *Barnett* v. *Reed*, 51 Penn. St. 190. *Jenings* v. *Florence*, 2 C. B. (N. S.) 467. *Churchill* v. *Siggers*, 3 El. & Bl. 929. *Wentworth* v. *Bullen*, 9 B. & C. 840. *Savage* v. *Brewer*, 16 Pick. 453. *Bicknell* v. *Dorion*, 16 Pick. 478. *Wood* v. *Graves*, 144 Mass. 365. *Everett* v. *Henderson*, 146 Mass. 89.

In the case at bar the grievance of the plaintiff is not that the defendant maliciously commenced a groundless suit. He admits that the defendant had a good cause of action, and that there is no defence to the suit, and that its termination cannot be in his favor. Nor is his grievance that the defendant abused the process in the former suit, and under color of it did things not authorized by its terms. His grievance is that the defendant, having a just cause of action and a legal suit against this plaintiff, made an excessive attachment of property which he knew was not needed for the security of his debt, not for the purpose of securing his debt, but for the purpose of injuring the plaintiff. If the plaintiff has any right of action, which is not controverted, it is idle to say that he must wait until the former action has terminated in his favor.

The defendant contends that the amount of the debt must be

fixed by the determination of the former suit, and that it cannot be shown in this suit.   We know of no authority or reason for this.   The amount of the debt cannot exceed the amount declared for in the suit, and that is admitted to be due so far certainly as affects this suit.   Beyond that there is no question in the former suit, and no issue, and the proceedings complained of were *ex parte*, and they were terminated by the reduction of the attachment.   It is argued that the plaintiff in that suit may amend his declaration, and introduce a new cause of action. That case, as stated by the plaintiff himself, does not present any issue involved in the case at bar, and the possibility that a new cause of action may be added, if it existed, would not be sufficient to show that the issues presented in this case are pending in that, or to bring it within the terms or reason of the rule that the liability of this plaintiff to such possible cause of action can be tried only in that action.         *Exceptions sustained.*