PECKHAM v. UNION FINANCE CO. et al.

No. 5052.

Court of Appeals of District of Columbia.

Argued March 6, 1931.

Decided April 6, 1931.

W. Bissell Thomas, of Washington, D. C., for appellant.

James S. Easby-Smith and Francis W. Hill, Jr., both of Washington, D. C., for appellees.

Before MARTIN, Chief Justice, and ROBB, HITZ, and GRONER, Associate Justices.

MARTIN, Chief Justice.

An appeal from an order dismissing a petition claiming damages for malicious prosecution of a civil case.

The appellant as plaintiff below filed a declaration containing in substance the following allegations, to wit: That in February, 1925, plaintiff was the owner of lots 31, 32, 33, and 34 in square 1749, in a subdivision of Washington, and conveyed the same to the Century Homes Corporation, receiving as consideration the promissory note of the corporation for $8,000 secured by a deed of trust upon the lots, and an agreement that lot 34 should be reconveyed to her after the erection of a house thereon; that the Century Homes Corporation fraudulently induced plaintiff to withhold the deed of trust from record, and thereupon fraudulently and without consideration delivered its promissory note for $5,000 with a deed of trust on lot 31, to a "straw man," who in turn delivered the same to the defendant the Union Finance Company as the principal in the fraudulent transaction; that defendants Ward, Brayshaw, Hurst, Roth, and Hill were officers and agents of the Union Finance Company, and promoted the fraud; that in January, 1926, plaintiff discovered the fraud, and induced the Century Homes Corporation to convey the four lots to Kinnear and Smoot as trustees to carry out the terms of the original contract; but before the trus-

tees could proceed with this duty the defendant the Union Finance Company fraudulently caused a sale of lot 31 to be made under the deed of trust securing the $5,000 promissory note aforesaid, whereby nominally the sum of about $1,150 was credited upon the note; and that afterwards, to wit, on August 3, 1926, the Union Finance Company commenced a suit in equity in the Supreme Court of the District of Columbia against the plaintiff together with the Century Homes Corporation, Kinnear and Smoot, trustees, and others as defendants; that in its bill of complaint the Union Finance Company set out the execution of the $5,000 promissory note and deed of trust aforesaid by the Century Homes Corporation, and the amount remaining due and unpaid upon the note, and also set out the subsequent conveyance of the four lots by that corporation to Kinnear and Smoot, trustees, as aforesaid, stating also that the Century Homes Corporation was hopelessly insolvent and that the trustees aforesaid were unable to carry out the provisions of the trust; that the prayer of the bill was that a receiver be appointed to take over, conserve, and liquidate the assets of the Century Homes Corporation, that the trust agreement between the company and Kinnear and Smoot, trustees, be set aside, and that the real estate conveyed thereby be conveyed to the receiver, and that the plaintiff the Union Finance Corporation and other creditors who may intervene may be allowed to prove their just claims against Century Homes Corporation to be allowed by the receiver. The declaration further discloses that a decree was thereupon entered by the court sustaining the allegations of the bill and finding the several amounts due from the Century Homes Corporation to the Union Finance Company and other intervening creditors; and that after the lapse of several years the suit was dismissed as to the present plaintiff. It was also alleged in the declaration that the suit commenced by the Union Finance Company on August 2, 1925, as aforesaid, was fraudulent, malicious, without probable cause, and was begun with intent to injure plaintiff and impair the value of her interest in her property, and that it had the effect of preventing a profitable refinancing of the transaction because of the cloud which it cast upon the title of the lots; all to plaintiff's damage, for which she prayed judgment.

█ The declaration was rightly dismissed, for the reason that the suit brought by the Union Finance Company against the appellant did not seek or cause an arrest of her person, or a seizure of her property, or placing her in bankruptcy, or any similar proceeding. The declaration sought no special relief against the appellant, but prayed the court to appoint a receiver who would administer the assets and equities of the insolvent Century Homes Corporation under the directions of the court. In fact, the appellant possessed no legal title to the lots in question at that time, for this was vested in Kinnear and Smoot as trustees. It is true that appellant had an equitable interest in the rightful performance of the trust by them, and accordingly was a proper party in the case, but under the circumstances this may be said also of the Union Finance Company and the other creditors of the Century Homes Corporation. Moreover, the decree of the lower court rendered in the equity case, wherein appellant was a party, found that the claim of the Union Finance Company against the Century Homes Corporation upon the $5,000 promissory note was valid. Its validity cannot now be impeached collaterally by appellant. Under the circumstances disclosed by the declaration, an action for malicious prosecution cannot be maintained against appellees.

In respect to such actions in general the following statement appears in 18 R. C. L. 13, § 3: "In this country, while the institution of a civil suit maliciously and without probable cause is generally considered to constitute a sufficient basis for an action for malicious prosecution at the instance of one who has suffered special damage, the authorities are in hopeless conflict as to whether the malicious prosecution of a civil action without probable cause is a legal wrong for which the law will afford redress, without reference to any inquiry touching the seizure of property, the arrest of the person, or other special circumstances."

█ In our opinion the greater weight of authority in this country and the better reasoning support the view that no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action. "This doctrine is supported by the following consideration: The courts are open and free

to all who have grievances and seek remedies therefor, and there should be no restraint upon a suitor, through fear of liability resulting from failure in his action, which would keep him from the courts. He ought not, in ordinary cases, to be subject to a suit for bringing an action, and be required to defend against the charge of malice and the want of probable cause. If an action may be maintained against a plaintiff for the malicious prosecution of a suit without probable cause, why should not a right of action accrue against a defendant who defends without probable cause and with malice? The doctrine surely tends to discourage vexatious litigation, rather than to promote it." Wetmore v. Mellinger et al., 64 Iowa, 744, 18 N. W. 870, 871, 52 Am. Rep. 465.

"If every suit may be retried on an allegation of malice, the evils would be intolerable, and the malice in each subsequent suit would be likely to be greater than the first." 1 Cooley on Torts, p. 350 (Ed. 1906).

In Cincinnati Daily Tribune Co. v. Bruck, 61 Ohio St. 489, 56 N. E. 198, 76 Am. St. Rep. 433, the Supreme Court of Ohio held that as a general rule no suit will lie for the malicious prosecution of a civil action, where there has been no arrest of the person or seizure of property. In that case a stockholder of an incorporated newspaper company, maliciously and without probable cause, commenced a suit against the company for dissolution and the appointment of a receiver, to the great injury of the company. The application was denied and the suit was dismissed. The court held that these facts did not constitute a cause of action, entitling the defendant to relief by way of damages, as there was no arrest of the person or seizure of property.

This view is sustained by many authorities, among which are McNamee v. Minke, 49 Md. 122; Supreme Lodge American Protective League of Baltimore City v. Unverzagt, 76 Md. 104, 24 A. 323; Pye v. Cardwell, 110 Tex. 572, 222 S. W. 153; Muldoon v. Rickey, 103 Pa. 110, 49 Am. Rep. 117; Smith v. Michigan Buggy Co., 175 Ill. 619, 51 N. E. 569, 67 Am. St. Rep. 242; Bitz v. Meyer, 40 N. J. Law, 252, 29 Am. Rep. 233; Peterson v. Peregoy, 180 Iowa, 325, 163 N. W. 224; Abbott v. Thorne, 34 Wash. 692, 76 P. 302, 65 L. R. A. 826, 101 Am. St. Rep. 1021; Luby v. Bennett, 111 Wis. 613, 87 N. W. 804, 56 L. R. A. 261, 87 Am. St. Rep. 897.

The judgment of the lower court is affirmed, with costs.