### PENCE v. MELVIN et al.
#### No. 90484.

District Court of the United States for the District of Columbia.

April 24, 1941.

James R. Murphy and John P. Labofish, both of Washington, D. C., for plaintiff.

Cornelius H. Doherty, of Washington, D. C., for defendants.

PINE, Associate Justice.

Defendants move the court to set aside the judgment for plaintiff entered herein and to enter judgment for defendants or grant a new trial.

The Motion to Set Aside the Judgment.

This motion is apparently based on the motion for a directed verdict made by defendants at the close of all the evidence. Rule 50(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This is an action for damages on account of alleged malicious prosecution of proceedings before the Police and District of Columbia authorities. The point principally relied upon by defendants is that such an action cannot be based upon proceedings which were not in a court of law. I am of the opinion that a suit for malicious prosecution may be maintained where the proceedings complained of were not in a court of law, but were before an adminis-

760

trative agency, as in this case. National Surety Company v. Page, 4 Cir., 58 F.2d 145, 148; Restatement of the Law of Torts, Vol. III, § 680. The cases cited by defendants in the District Court of Appeals, namely, Auerbach v. Freeman, 43 App.D.C. 176, and Peckham v. Union Finance Co. et al., 60 App.D.C. 104, 48 F.2d 1016, 1017, are not in conflict. In Auerbach v. Freeman, supra, the court held that a suit for malicious prosecution could not be maintained when there was no prosecution, and indicated that the proper remedy in that case was an action for false imprisonment. Peckham v. Union Finance Company, supra, involved a civil suit brought by the Union Finance Company against Peckham and others, where the court simply held that "no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action." The acts of defendants in this case were not equivalent to a suit brought against plaintiff by defendants in a civil action. Instead, they involved the making of statements to the police which might have resulted in a criminal prosecution[1], but which in fact were the bases for proceedings which resulted in the refusal on the part of the District authorities to renew the license of plaintiff as a private detective. After this refusal and at the instance of plaintiff, and after a hearing, the license was issued.

■ Defendants also claim that there was not sufficient evidence that defendants initiated the proceedings. There was evidence that both defendants appeared before the Police Department after application of plaintiff for renewal of his license had been received by the Police Department. Defendant Smith, on that occasion, swore to a statement previously made, and defendant Melvin made and swore to a statement. These statements were made the basis for the recommendation for the denial of the renewal of the license of plaintiff as a private detective. This, in conjunction with acts of defendants preceding this occasion, is sufficient to justify submission to the jury of the question whether or not they initiated the proceedings.

■ There was evidence that the defendants made the statements to the police without probable cause and with malice, and that those statements were the basis for the proceedings which resulted in the denial of the application for renewal of plaintiff's license as a private detective. Assuming that defendants' purpose was originally to report the misconduct of a man thought by defendants to be a member of the Metropolitan Police Department, there was evidence that after learning that plaintiff was not an officer of the Police Department, both defendants came to the Police Department and charged plaintiff with misrepresenting himself to them. There was nothing actionable in that, if they had probable cause for so doing. The lack of probable cause was an issue of fact as to which the testimony was in conflict.

### The Motion for a New Trial.

■ Defendants complain that mental distress and injury to reputation were submitted to the jury as an element of damages. In my judgment this was proper. Restatement of the Law of Torts, Vol. III, § 691; Black v. Canadian Pacific R. Co., D.C., 218 F. 239; Bergeron v. Goldman, 5 Cir., 64 F.2d 917. Cf. Clark v. Associated Retail Credit Men of Washington, D. C., 70 App.D.C. 183, 105 F.2d 62.

Both motions are accordingly denied.

---

[1] T. 6, sec. 303, 1929 Code D.C.