## SOFFOS v. EATON et al.

### No. 8900.

United States Court of Appeals
District of Columbia.

Argued Oct. 17, 1945.

Decided Dec. 24, 1945.

Mr. Milton Conn, of Washington, D. C., for appellant.

Mr. Robert W. McCullough, of Washington, D. C., with whom Mr. Samuel Gordon, of Washington, D. C., was on the brief, for appellees.

Before EDGERTON, WILBUR K. MILLER and PRETTYMAN, JJ.

EDGERTON, Associate Justice.

This appeal is from a judgment of the Municipal Court of Appeals for the District of Columbia, one judge dissenting, which sustained the action of the Municipal Court in dismissing a complaint for malicious prosecution. 39 A.2d 865.

Appellant's complaint includes substantially the following allegations. Appellee B. M. Eaton leased a house to appellant for use as a dwelling. The rent was afterwards reduced from $63 a month to $55 in order to comply with the Emergency Rent Act.[1] The appellees thereupon brought or instigated four successive suits against appellant to recover possession of the house. In July, 1942, appellee B. M. Eaton sued for possession on the alleged ground that he wished to remodel the premises into two apartments. Trial resulted in favor of appellant. In August appellee Eaton sued for possession on an alleged breach of covenant in that appellant and his wife were disorderly and committing a nuisance. This suit also resulted in favor of appellant. Appellee Eaton and his wife then "sold" the house to their daughter, appellee Jenkins. In October Jenkins sued appellant for possession on the alleged ground that she wanted the house for her own use as a dwelling. This suit was dismissed. In December, 1942, appellee Jenkins again sued appellant on the same ground, and the court rendered judgment for appellant on a finding that appellee did not seek in good faith to recover the house for her own use as a dwelling.

The complaint alleges that the two suits of appellee B. M. Eaton were brought for himself and his wife and that the two suits of appellee Jenkins were brought for herself and her parents. It alleges that all four suits were instigated by the Eatons and were brought "maliciously without just cause and in bad faith." It claims damages for the expense of defending the suits, in-

---

[1] D.C.Code, 1940, § 45—1601 et seq.

jury to appellant's reputation by the charges of disorderliness and nuisance, and mental anguish caused by threatened loss of a home. If the suit is maintainable, all these are proper elements of damage.[2] The question is whether the complaint states a claim upon which relief can be granted.

▮▮▮ The law tries to avoid both too much discouragement and too much encouragement of litigation. Some sort of balance has to be struck between the social interests in preventing unconscionable suits and in permitting honest assertion of supposed rights. These interests conflict because a suit which its author thinks honest may look unconscionable to a jury. Probably some suits which ought to be brought would not be brought if the inevitable risk of losing a suit always carried with it the further risk of having to defend a charge that it was brought maliciously and without probable cause. By something like half the courts which have dealt with the question, this consideration has been thought to justify a rule which confers immunity, within limits, for malicious prosecution of civil suits. This court said in 1931 that " * * * no action will lie for the recovery of damages sustained by the prosecution of a civil action with malice, and without probable cause, when there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained, which would not necessarily result in all suits prosecuted to recover for like causes of action." [3]

But we have also said that "the right to litigate is not the right to become a nuisance." [4] The burden of being compelled to defend successive unconscionable suits is not one which would "necessarily result in all suits prosecuted to recover for like causes of action." The burden increases in more than arithmetical proportion. As the dissenting opinion in the Municipal Court of Appeals points out, successive suits may even wear a defendant down to the point of capitulation. We see no good reason why the law should tolerate repeated abuse of its processes. To allow redress for such abuse will not seriously hamper the honest assertion of supposed rights. No one is likely to be deterred from litigating an honest claim by fear that some future jury may erroneously decide that he has brought *two* suits maliciously and without probable cause.[5] We hold accordingly that one who twice sues another maliciously and without probable cause is responsible to him in damages.[6] Appellant's complaint therefore states a claim upon which relief may be granted.

Reversed.

---

[2] Melvin v. Pence, 76 U.S.App.D.C. 154, 159, 130 F.2d 423, 143 A.L.R. 149.

[3] Peckham v. Union Finance Co., 60 App.D.C. 104, 105, 48 F.2d 1016, 1017. If this was "in accordance with generally accepted law" at that time, Melvin v. Pence, 76 U.S.App.D.C. 154, 157, 130 F. 2d 423, 143 A.L.R. 149, it is not clearly so today. 150 A.L.R. 897, 899.

[4] Melvin v. Pence, 76 U.S.App.D.C. 154, 157, 130 F.2d 423, 426, 143 A.L.R. 149.

[5] Since two errors are less likely than one, erroneous findings that both of two civil suits were brought maliciously and without probable cause are less likely than an erroneous finding that one criminal prosecution was so brought.

[6] Shedd v. Patterson, 302 Ill. 355, 134 N.E. 705, 26 A.L.R. 1004. Cf. Pope v. Pollock, 46 Ohio St. 367, 21 N.E. 356, 4 L.R.A. 255, 15 Am.St.Rep. 608; Cincinnati Daily Tribune Co. v. Bruck, 61 Ohio St. 489, 56 N.E. 198, 76 Am.St.Rep. 433. Contra., Pye v. Cardwell, 110 Tex. 572, 222 S.W. 153; Myhre v. Hessey, 242 Wis. 638, 9 N.W.2d 106, 150 A.L.R. 889.