**CAPITOL ELECTRIC COMPANY, Inc.,**

v.

**Anthony J. CRISTALDI, Phillip P. Cristaldi and Joseph P. Cristaldi, Jr., t/a Criss Brothers & Company and Robert V. Viner, t/a Viner Construction Company.**

**Civ. No. 8700.**

United States District Court
D. Maryland.
Jan. 3, 1958.

Herbert Murray, Baltimore, Md., and Stanley B. Frosh, Washington, D. C., for plaintiff.

J. Gilbert Prendergast, Baltimore, Md., John L. Schroeder, Washington, D. C., for Robert V. Viner.

G. A. Chadwick, Jr., Washington, D. C., for the Cristaldis.

R. DORSEY WATKINS, District Judge.

On March 27, 1953, this suit was begun in the United States District Court for the District of Columbia as a suit for injunction and damages. The nature of the injunctive relief which was sought adequately appears in the first two paragraphs of the prayers for relief, reading as follows:

"1. That a Temporary Restraining Order be issued restraining the Defendants and each of them, from excavating, filling, grading and digging the ground known as River Road between the Washington Suburban Sanitary Commission Service Drive and Lawrence Street, in Bladensburg, Prince George's County, Maryland, until a further order may be entered herein after hearing before this Court.

"2. That the Defendants and each of them, after due notice and hearing, be temporarily and permanently enjoined from Excavating, filling, grading and digging the ground as aforesaid."

On the same day a temporary restraining order was issued on a $2,000 bond. The temporary restraining order was by its terms to expire on April 6, 1953, at which time a hearing was set on the application for a preliminary injunction. The temporary restraining order enjoined the defendants "from excavating, filling, grading, digging the ground * * * New River Road directly or indirectly, or in any otherwise (sic) interfering with the aforesaid ground."

On applications by the defendants and with the consent of the plaintiff, the temporary restraining order was extended to April 13, April 21 and May 5, 1953, and on application by the plaintiff and with the consent of the defendants was further extended to May 26, 1953.

On May 16, 1953, the defendants filed a reply to the motion for preliminary injunction stating, among other grounds of opposition, that such injunction would afford the plaintiff no relief as work on the road had been completed on March 27, 1953, twenty-four hours before service of the temporary restraining order.

On May 1, 1953, plaintiff brought suit in the United States District Court for the District of Maryland against the present defendants and Maryland National Park & Planning Commission, Washington Suburban Sanitary Commission, Arthur W. Tayman (County Engineer) and Board of County Commissioners of Prince George's County. The action sought a permanent injunction, a mandatory injunction, and damages. The nature of the injunctive relief which was prayed is found in paragraphs 1 and 2 of the prayers for relief, reading as follows:

"1. That an order be entered after due notice and hearing permanently enjoining the defendants and each of them, from doing any further work on the said River Road.

"2. That an order be entered requiring the defendants and each of them to remove the existing dirt and filling which has been piled on the said River Road and restoring the said road to its original condition and grade."

On September 17, 1953, Chief Judge Coleman filed an opinion dismissing the proceedings on the merits with respect to all defendants. This was appealed and on appeal, the United States Court of Appeals for the Fourth Circuit "being of the opinion that there is no diversity of citizenship, and consequently no jurisdiction" on March 18, 1954, issued its mandate that the case be dismissed without prejudice and this was done by order of the United States District Court for the District of Maryland entered September 13, 1954.

On July 21, 1954, defendants in this case, in the District Court for the District of Columbia, moved for a summary judgment, stating that action on their motion had been deferred pending the outcome of the Maryland suit, which had been dismissed for want of jurisdiction. On October 10, 1954, defendants answered generally denying all allegations.

On October 16, 1954, plaintiff filed a motion for leave to file an amended complaint which, over opposition was granted November 15, 1954.

The present amended and supplemental complaint was filed November 27, 1954, claiming actual and exemplary damages of $100,000. Defendants' motion to strike or dismiss was denied on February 9, 1955. On February 19, 1955, defendants answered, generally denying the allegations of the amended and supplemental complaint, and filed a counterclaim for damages based upon the temporary restraining order and the following allegations contained in paragraphs 3 and 4 of the counterclaim:

"3. The aforementioned corporation filed a Complaint for Injunction and Damages against the defendants, herein, and other parties in the United States District Court for the District of Maryland on May 1, 1953 (Case No. 6562) requesting that Court to compel the defendants, herein, to perform certain specific acts, for which the defendants

were already under penalty of contempt, not to perform, by reason of the temporary restraining order granted by this Court in this action.

"4. The aforementioned corporation in filing Complaints in two separate jurisdictions against the defendants herein, did act unlawfully and without right and did act in a willful and malicious manner, in utter disregard of the defendant's (sic) rights, and with full knowledge of the embarrassment and damages which it would cause to the defendants."

Defendants also claimed as an element of liability the appeal by plaintiff to the Fourth Circuit and the expenses incurred by defendants for witness and attorney's fees "and other expenses connected with the defense of multaple (sic) law suits."

On defendants' motion an order was entered on January 13, 1956, transferring the case to this court. Plaintiff has filed a motion to dismiss the counterclaim for failure to state a cause of action.

■ Plaintiff and defendants characterize the counterclaim as one for "malicious abuse of process." This would appear to be a misnomer, as such tort requires a perversion of court process to accomplish some end which the process was not designed to accomplish; it does not arise from a regular use of process, even with ulterior motives. Bartlett v. Christhilf, 1888, 69 Md. 219, 229, 14 A. 518; Hall v. Field Processes, Inc., D.C. Mun.App.1955, 114 A.2d 840; Geier v. Jordan, D.C.Mun.App.1954, 107 A.2d 440; Grainger v. Hill, Com.Pleas 1838, 4 Bing.N.C. 212; Zinn v. Rice, 1891, 154 Mass. 1, 27 N.E. 772, 12 L.R.A. 288.

■ The temporary restraining order has been stated by the defendants themselves as being futile, because work had been completed twenty-four hours before service. If such order, however, was issued improvidently, and if any damages arose, defendants have an action on the bond. No preliminary injunction has been issued in either case.

Defendants contend that the wrong primarily was in filing suit in Maryland to compel the defendants to do what they were forbidden to do by the District of Columbia District Court restraining order. That order, however, expired on May 26, 1953, long before the Maryland case was decided. Nor does the court see any merit in such contention. This suit initially sought to enjoin further work toward the *completion* of the New River Road. The Maryland suit, against defendants and other defendants pursuant to whose alleged authorization the street work was being done, sought an injunction against "doing any *further* work on the said River Road", and a mandatory injunction requiring defendants to restore the road "to its original condition and grade."

■ Even if the counterclaim be given its most liberal scope, as a claim for malicious prosecution of a civil suit or suits, it cannot, at least at this stage, be successfully prosecuted. There is no principle better settled than that a suit for malicious prosecution cannot successfully be maintained unless and until the litigation on which it is founded has finally terminated in favor of the party who is plaintiff in the malicious prosecution suit. Smith v. Brown, 1913, 119 Md. 236, 86 A. 609; Hergenrather v. Spielman, Md.1891, 22 A. 1106; Horne v. Ostmann, D.C.Mun.App.1944, 35 A.2d 174; Geier v. Jordan, D.C.Mun.App. 1954, 107 A.2d 440. The Maryland suit terminated not by a decision on the merits, but for lack of federal jurisdiction, and its dismissal was expressly without prejudice. This, the original suit, is still pending, and so has not terminated finally in favor of the defendants-counterclaimants. Moreover, the counterclaim does not allege an arrest of the person, an impounding of property, or damage other than that ordinarily sustained by a defendant in a civil suit. Such damages are indispensable to the maintenance of an action for malicious prosecution of a civil suit, whether the

law of the District of Columbia or of Maryland be applicable. North Point Construction Co. v. Sagner, 1945, 185 Md. 200, 207, 44 A.2d 441; Melvin v. Pence, 1942, 76 U.S.App.D.C. 154, 130 F.2d 423, 426, 143 A.L.R. 149; Soffos v. Eaton, 1945, 80 U.S.App.D.C. 306, 152 F.2d 682 (the qualification there recognized not being applicable here).

Defendants' counterclaim is hereby dismissed, without prejudice.