Eula HALL, Appellant,

v.

HOLLYWOOD CREDIT CLOTHING COM-
PANY, Inc., a corporation, Appellee.

No. 2253.

Municipal Court of Appeals for the
District of Columbia.

Argued Sept. 22, 1958.

Decided Jan. 26, 1959.

Henry H. Brylawski, Washington, D. C., for appellant.

Alvin L. Newmyer, Jr., Washington, D. C., for appellee. Mark B. Sandground, Washington, D. C., also entered an appearance for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

QUINN, Associate Judge

Appellant filed a complaint against appellee for "malicious abuse of process." By leave of court she subsequently filed an amended complaint which appellee moved to dismiss for failure to state a cause of action. The trial judge filed a brief memorandum opinion, holding that while the amended complaint may state a cause of action for unlawful attachment, it did not state a cause of action for malicious abuse of process. This appeal is from the judge's order dismissing the amended complaint.

The amended complaint alleged that in 1953 appellee sold certain merchandise to one Harston Hall, who is not otherwise identified in the pleading. Appellant had not purchased this merchandise, nor did her name appear on appellee's account card. Nonetheless, appellee, with full knowledge of these facts, maliciously brought suit against appellant on this account in 1953; service was had in 1957, and appellant filed an answer. However, when the case came up for trial, she was not informed of the date because of her attorney's illness or absence from the city, and judgment by default was entered against her on ex parte proof. Some six and one-half months later an attachment was levied against appellant's salary. She immediately filed a motion to vacate the judgment and quash the attachment. While this motion was pending, appellee secured a judgment of condemnation and obtained the money held under the writ.

About a month later the motion to vacate the judgment and quash the attachment was granted. Despite this, appellee maliciously caused another attachment to issue, and one week's salary was withheld from appellant by her employer. The pleading further alleges that appellee's actions have injured appellant's credit standing, impaired her personnel relations with her employer, and caused her humiliation and shame.

Before ruling on the correctness of the trial court's action in dismissing the amended complaint, we shall first consider a point of procedure. While the present appeal was pending in this court, appellee moved to include the record of the prior suit, alleging that it had proffered the material to the trial court. Over appellant's opposition we granted the motion and or-

dered that record transmitted to us. Upon a fuller study of the record in the present case, we are persuaded that we cannot consider the file in the prior suit.

■■ It is true that if on the motion to dismiss the complaint, the record in the former case had been presented to the trial judge, he might properly have considered such material and treated the motion as one for summary judgment;[1] and in such a situation we also would be entitled to consider the material.[2] However, we can find nothing in the present case to support appellee's statement to us that it presented the prior record to the trial judge, or that he considered it. The material was not referred to or included in appellee's written motion to dismiss; it was not alluded to in the judge's memorandum opinion; and it was not mentioned in the statement of proceedings and evidence approved by the trial judge. Accordingly, we will confine our review solely to the complaint lodged in the present case.

■ In several prior decisions we have had occasion to define the tort of "abuse of process." We have stated that such cause of action exists for the perversion of the court process to accomplish an end which the process was not intended to bring about, or when the process is used to compel the party affected by it to do some collateral thing which he could not legally and regularly be compelled to do.[3] The mere issuance of the process is not actionable, no matter what ulterior motive may have prompted it; the gist of the action lies in the improper use after issu-

ance.[4] Consequently, two elements are essential: (1) the existence of an ulterior motive; and (2) an *act* in the use of process other than such as would be proper in the regular prosecution of the charge.[5]

■ Tested by these rules it is our conclusion that, giving appellant the benefit of all reasonable inferences, the facts pleaded in the complaint disclose no abuse of process in the proceedings prior to the issuance of the second attachment. The complaint alleges that appellee knowingly brought suit on an unfounded claim, which by itself is not an abuse of process.[6] Appellant admits that she was served, that she filed an answer, and that judgment was rendered against her for a good reason—her failure to appear. There was then no legal defect in the procurement of the judgment and the process issued under the first attachment was used for its legally intended purpose, to obtain satisfaction of the valid judgment. No improper use of the machinery of the law has appeared up to this point.

■ However, the issuance of the second attachment upon a judgment[7] at a time when there was no judgment outstanding was an abuse of process, because appellee thereby forced appellant to do something which it could not otherwise legally and regularly compel her to do, that is, relinquish her salary under circumstances and at a time when appellee had no right to it. Further, the existence of an ulterior motive may be inferred from this action which appellee is alleged to have done with full knowledge of the situation.

1. Municipal Court Civil Rule 12(b).

2. Hall v. Field Enterprises, D.C.Mun.App. 1953, 94 A.2d 479, 480.

3. Hall v. Field Enterprises, supra, note 2; Geier v. Jordan, D.C.Mun.App.1954, 107 A.2d 440; Hall v. Field Enterprises, D.C.Mun.App.1955, 114 A.2d 840.

4. Goodall v. Frank R. Jelleff, Inc., D.C. Mun.App.1957, 130 A.2d 781.

5. Geier v. Jordan, supra, note 3; Hall v. Field Enterprises, supra, note 3 (2nd case).

6. Geier v. Jordan, supra, note 3; Goodall v. Frank R. Jelleff, Inc., supra, note 4.

7. There is nothing in the complaint to show that the writ met the requirements of Code 1951, § 16-301 for an attachment before judgment.

We conclude that the complaint did state a cause of action for abuse of process and that appellant should have been given an opportunity to introduce proof in support of her allegations.

Reversed.