**Bernard J. NOLAN, Appellant,**

v.

**ALLSTATE HOME EQUIPMENT CO., Inc.,** Appellee.

No. 2283.

Municipal Court of Appeals for the District of Columbia.

Submitted Nov. 10, 1958.

Decided March 20, 1959.

W. Dennis Hollowell and Morris D. Parmele, Washington, D. C., for appellant.

Jack Politz, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

ROVER, Chief Judge.

Captioning the complaint first, as a suit for *wrongful legal action*, and later, in its amended form, as one for *malicious use of process*, appellant sued Allstate Home Equipment Company. An order dismissing the complaint for failure to state a cause of action is before us for review in this appeal.

The allegations of appellant's amended complaint state that on February 28, 1958, Allstate filed suit against appellant and his former wife for the balance due on merchandise she had purchased. Appellant alleged that he was not a party to the contract of sale and had been divorced from his wife for several years. Service was had only on the wife and on March 24, before going to trial, she paid the indebtedness. A praecipe was accordingly prepared dismissing the action against both parties as "paid and satisfied." This praecipe, dated March 25, was not filed with the court however until March 28.

Dates are of some significance in the pleading as it is the course of action pursued by Allstate subsequent to the date of payment that forms the gravamen of appellant's claim. Two days after the indebtedness had been satisfied, on March 26, an alias summons was issued against appellant by Allstate and was ultimately served on him in the presence of his employer and other persons March 31. No further steps were taken by Allstate, but alleging that this conduct caused him humiliation, embarrassment, and damage to his credit standing, appellant instituted this suit.

■ At the outset, we are confronted with a matter of terminology. Designated as an action for malicious use of process, the substance of appellant's claim is an allegation of tortious conduct on the part of Allstate in initiating civil proceedings by service of the alias summons after the indebtedness had been fully paid. In this jurisdiction, a suit for malicious use of process is comparatively unknown. An action for malicious prosecution is normally the remedy available to a party aggrieved by the wrongful institution of a civil, criminal or administrative proceeding. Melvin v. Pence, 76 U.S.App.D.C. 154, 130 F.2d 423, 143 A.L.R. 149. While the law's fondness for technicality has on occasion been authority for courts to draw fine distinctions between the actions of malicious prosecution and malicious use of process, the only real distinction between the two appears to be one in name rather than form.[1] This statement finds some support in the decisions of our own jurisdiction where, in at least two instances, the courts have referred to the two actions in the conjunctive in distinguishing them from a suit for malicious abuse of process.[2]

It becomes even more apparent that the difference is in name only when reference is made to the decisions of states where the action of malicious use of process is more common. For example, in Publix Drug Co. v. Breyer Ice Cream Co., 347 Pa. 346, 32 A.2d 413, 415, the Supreme Court of Pennsylvania stated:

1. 54 C.J.S. Malicious Prosecution § 2.

2. Hall v. Field Enterprises, D.C.Mun.App., 94 A.2d 479, 481; Pearson v. O'Connor, D.C.D.C., 8 F.R.D. 432.

"Decisions in this state and in other jurisdictions have drawn a distinction between actions for abuse of legal process and those for malicious prosecution, which, *when founded on civil prosecutions, are usually described as malicious use of civil process.* * *"[3] (Emphasis supplied.)

A similar expression was made by the Supreme Court of Georgia in Woodley v. Coker, 119 Ga. 226, 46 S.E. 89, where the court said:

"* * * Strictly speaking, the term 'malicious prosecution' is applicable only to the carrying on of a criminal case. * * * When damages are sought for the malicious carrying on of a civil suit, the cause of action is not for malicious prosecution but for the malicious use of process. * * *"

After carefully defining the terms in question, a Kansas court said in Wurmser v. Stone, 1 Kan.App. 131, 40 P. 993, 994:

"* * * The malicious use of process, either civil or criminal, is reached by an action for malicious prosecution * * *."[4]

■ As the foregoing indicates, most jurisdictions have extended an action for malicious prosecution to include civil litigation. A few, however, choosing to preserve the technical meaning of the term from the English law have limited its applicability to criminal proceedings. But whether the action, when based on a civil proceeding, is termed a suit for malicious use of process or, more properly in this jurisdiction, as one for malicious prosecution, its essential elements are the same. The original action must have been instituted maliciously and without probable cause, and it must have been terminated in favor of the defendant.[5] In addition, the action will not lie where there has been no arrest of the person or seizure of the property of the defendant, and no special injury sustained which would not necessarily result in suits prosecuted to recover for like causes of action. Melvin v. Pence, supra; Peckham v. Union Finance Co., 60 App.D.C. 104, 48 F.2d 1016.[6]

■ Applying these elements to the present case, appellant's claim must fail for the reason that the prior proceedings did not terminate in his favor. See Geier v. Jordan, D.C.Mun.App., 107 A.2d 440. If the original proceedings against both parties are considered as a whole, as we think they must be, they were terminated with payment by the wife. Although a praecipe dismissing the action against both parties was filed, the dismissal occurred only as a result of full payment of the original claim. It is well established that a termination of suit by settlement, compromise, or payment of what is demanded is not sufficient to support the suit.[7]

Even if only that aspect of the prior proceedings as directly relates to appellant be considered as controlling, the same conclusion is reached. Appellant was not actually brought into the case until the alias summons was served. This occurred

---

3. See also the definitions as stated in Baird v. Aluminum Seal Company, 3 Cir., 250 F.2d 595 (applying the substantive law of Pennsylvania.)

4. See also the definitions as stated in Emery v. Ginnan, 24 Ill.App. 65; Nix v. Goodhile, 95 Iowa 282, 63 N.W. 701; Saliem v. Glovsky, 132 Me. 402, 172 A. 4; Lauzon v. Charroux, 18 R.I. 467, 28 A. 975.

5. These elements as applied to a criminal proceeding are stated in Moore v. Read, 94 U.S.App.D.C. 153, 212 F.2d 810.

6. An exception to this rule has been made in the District of Columbia to allow a recovery for the repeated institution of groundless suits. See Soffos v. Eaton, 80 U.S.App.D.C. 306, 152 F.2d 682 and Davis v. Boyle Bros., D.C.Mun.App., 73 A.2d 517.

7. Bannon v. Auger, 262 Mass. 427, 160 N.E. 255; Fenton Storage Co. v. Feinstein, 129 Pa.Super. 125, 195 A. 176; Prosser on Torts, § 97, p. 889 (1941).

after payment had been made and after the praecipe had been filed. No further action was taken by Allstate and on this phase of the litigation, there has been no termination of any kind.

Appellant's claim must fail for a second reason as well. There has been no arrest, seizure of property, or special injury alleged. No judgment was taken against appellant and the damages, if any, were those which might normally be incident to the service of process on anyone involved in a legal suit. Nor can we apply the rule of Davis v. Boyle Bros., supra, and hold that this was a groundless suit brought solely for the purpose of harassing appellant in the absence of a termination of the suit in his favor.

■■ Finally, since the case comes to us on a motion to dismiss, we have examined the complaint further to determine whether its allegations would support an action for malicious abuse of process. Again the conclusion is adverse to appellant. The right to rely on that action arises when there has been a misuse or perversion of the court processes to accomplish an end which the process was not intended to effect, or when it is used to compel the defendant to do some collateral thing which he could not lawfully be compelled to do.[8] The mere bringing of suit even with an ulterior motive of coercion does not of itself constitute malicious abuse of process.[9] In the present case, there was nothing more than the issuance and service of process; no attempt was made to compel appellant to do some collateral act, nor was the process used to accomplish some end beyond its regular purview.

The order dismissing the complaint is

Affirmed.

8. Hall v. Hollywood Credit Clothing Company, D.C.Mun.App., 147 A.2d 866; Goodall v. Frank R. Jelleff, Inc., D.C. Mun.App., 130 A.2d 781; Hall v. Field Enterprises, D.C.Mun.App., 114 A.2d 840.

9. 1 Harper & James, The Law of Torts, § 4.9 (1956).