Mike J. MORFESSIS, Appellant,

v.

Norman BAUM and Lois Schenk, Appellees.

No. 15528.

United States Court of Appeals District of Columbia Circuit.

Argued April 26, 1960.

Decided June 16, 1960.

Petition for Rehearing En Banc Denied Sept. 19, 1960.

---

Mr. Ewing Laporte, Washington, D. C., for appellant.

Mr. Frank J. Martell, Washington, D. C., for appellee Baum, Messrs. William E. Stewart, Jr., and Richard W. Galiher, Washington, D. C., also entered appearances for appellee Baum.

Mr. Alvin L. Newmyer, Jr., Washington, D. C., for appellee Schenk.

Before FAHY, DANAHER and BASTIAN, Circuit Judges.

FAHY, Circuit Judge.

■ The District Court on motion of defendants struck a complaint[1] because not filed within one year of accrual of the alleged cause of action. Plaintiff appeals. The question is whether the complaint states a case of malicious prosecution. If so, it is subject to the one-year statute of limitations prescribed by 12 D.C.Code § 201 (1951), reading as follows:

"No action shall be brought * * for any statutory penalty or forfeiture, or for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest, or false imprisonment after one year from the time when the right to maintain any such action shall have accrued; and no action the limitation of which is not otherwise specially prescribed in this section shall be brought after three years from the time when the right to maintain such action shall have accrued * *."

The complaint is entitled "Abuse of Process." Plaintiff's position is that the tort action of that description, which he urges the complaint alleges, is not barred until three years. We think the complaint is one for malicious prosecution and, therefore, is barred by the shorter limitation period.

The complaint alleges that defendant Baum was attorney for Hollywood Credit Clothing Company, Inc., a corporation, and that defendant Schenk was an employee of the corporation; that the corporation obtained a judgment against plaintiff in the Municipal Court, and that, to the knowledge of the defendants, the judgment was satisfied. Notwithstanding this, it is alleged, defendants on or about January 3, 1958, caused the issuance of process by the Municipal Court in aid of the non-existent judgment, that is, a writ of attachment directed to the American Security and Trust Company, as garnishee, where plaintiff had loans and deposits, and thereby caused certain money on deposit to plaintiff's credit to be seized. Severe injury is alleged, in reputation, credit and otherwise. It is also alleged that defendants knowingly, intentionally, maliciously, oppressively, and with reckless or careless indifference to the rights and

---

1. The pleading referred to was an amended count in an amended complaint. For convenience we refer to it simply as the complaint. The original complaint was filed June 16, 1959. The amended complaint was filed August 7, 1959, and the amended count one of the amended complaint here in question was filed October 16, 1959.

feelings of plaintiff caused the writ to be issued and the seizure to be made.

There is no doubt in this jurisdiction that the tort action of malicious prosecution may be based on the prosecution of a civil as well as a criminal action, including civil administrative proceedings. Melvin v. Pence, 76 U.S.App. D.C. 154, 130 F.2d 423, 143 A.L.R. 149.[2] So that our question is limited to whether the malicious pursuit of plaintiff by defendants by writ of attachment, as alleged, with the seizing of plaintiff's moneys in a bank on the false basis of executing on a judgment which to defendants' knowledge had been satisfied, is merely an abuse of process, with punitive damages awardable if accompanied with malice, or is a malicious prosecution of a civil action, albeit of an ancillary character. It clearly appears from the complaint that there was no probable cause for the issuance of the writ, the absence of which is one of the elements of malicious prosecution. The complaint as originally drawn explicitly alleged that the issuance of the writ had been without probable cause. The second element usual to cases of malicious prosecution, namely, that the prosecution resulted favorably to the defendant, need not be alleged where the proceedings are *ex parte*, as was the issuance of the writ in this case. See Restatement, Torts, § 674, paragraph (h) (1938). The third element, malice, is alleged. The fact that were the action simply for abuse of process the allegation of malice would be surplusage except as a basis for punitive damages does not alter the fact that malice is alleged and gives character to the conduct described. Thus, a case of malicious prosecution appears.

It may be said in a sense that process was abused in being used when it should not have been used. But a proceeding against plaintiff and his assets was also prosecuted when it should not have been prosecuted. So, in ordinary language, there was both an abuse of process and a malicious prosecution. Chief Judge Rover pointed out for the Municipal Court of Appeals in Nolan v. Allstate Home Equip. Co., D.C.Mun.App. 1959, 149 A.2d 426, 429, that there is no distinction except in name between "malicious prosecution" and "malicious use of process." We may add that the malicious abuse of process is the malicious use of it and comes to malicious prosecution unless the use is for an objective foreign to the nature of the process; that is, unless some collateral end is sought rather than, as here, the end of tying up funds or property, which is the ordinary purpose of the attachment process. See Brown v. Westport Finance Co., D.C.W.D.Mo.1956, 145 F. Supp. 265; Root Grain Co. v. Livengood, 1940, 151 Kan. 706, 100 P.2d 714; Capitol Elec. Co. v. Cristaldi, D.C.D.Md.1958, 157 F.Supp. 646. But see Restatement, Torts, § 682, illustration 2 (1938); and Hall v. Hollywood Credit Clothing Co., D.C.Mun.App.1959, 147 A.2d 866.

In other words, to describe or rationalize what is here alleged as an abuse of process does not change it from the tort of malicious prosecution. The complaint alleges all essential elements of that tort. The action thus pleaded cannot, therefore, be removed from its place in the law of torts by calling what occurred also an abuse of process. The cause of action stated involves the kind of malicious conduct plaintiff should have taken to court within a year if to be taken at all.

Affirmed.

DANAHER, Circuit Judge (dissenting).

D.C.Code § 12–201 (1951) provides in pertinent part: "No action shall be brought * * * for libel, slander, assault, battery, mayhem, wounding, malicious prosecution, false arrest, or false imprisonment after one year from the time when the right to maintain any such action shall have accrued * * *."

---

2. Other cases in this jurisdiction in which malicious prosecution has been discussed are W. B. Moses & Sons v. Lockwood, 54 App.D.C. 115, 295 F. 936, 33 A.L.R. 1467; Soffos v. Eaton, 80 U.S.App.D.C. 306, 152 F.2d 682; Holt v. Boyle Bros., Inc., 95 U.S.App.D.C. 1, 217 F.2d 16.

The appellees in the District Court moved to strike the appellant's complaint on the ground that his action was barred by the statute, as not having been commenced within one year from the date of the acts complained of. My colleagues have denominated the complaint here to sound in "malicious prosecution," and therefore they affirm the District Court's order.

I do not agree, for the complaint, filed June 16, 1959, had alleged a claim based upon "abuse of process." Such an action comes within the general statute of limitations which in the District of Columbia is three years.[1]

Restatement, Torts § 682 (1938) reads:

> "One who uses a legal process, whether criminal or civil, against another to accomplish a purpose for which it is not designed is liable to the other for the pecuniary loss caused thereby." [2]

The Rules provide that a party shall in a "pleading which sets forth a claim for relief" submit "a short and plain statement of the claim showing that the pleader is entitled to relief * * *." [3] The Rules "shall be construed to secure the just, speedy, and inexpensive determination of every action," [4] and it is axiomatic that they are to be liberally construed. Relying upon the Rules the appellant in his complaint showed that for many years he had been engaged in business as a building and equipment contractor. The appellee, Hollywood Credit Clothing Company, Inc., had secured in the Municipal Court a judgment against the appellant which thereafter had been satisfied. Notwithstanding, the appellees according to the complaint,

"jointly and severally caused the issuance of process" by the Municipal Court in an action which had already been dismissed. The process, it was alleged, purported to be "in aid of execution" of the already satisfied judgment. The writ of attachment was directed to the American Security and Trust Company as garnishee, a bank in which the appellant had loans and deposits, and as a result, and pursuant to process, certain monies belonging to the appellant had been seized. As a consequence, appellant had been injured in his business and his personal credit and standing.

Appellees' alternative motion to dismiss or to strike, must be deemed to have admitted the allegations of the complaint. I think such allegations spell out an abuse of process, a claim for which relief may be had, and one which comes within the general 3-year statute of limitations.

We all realize that when the need for precision and distinguishing differences did not arise, the courts on occasion have written loosely so that the elements of the common law tort of malicious prosecution may seem to have become intertwined with those predicating "abuse of process." As to the latter, our Municipal Court of Appeals in Hall v. Hollywood Credit Clothing Co., D.C.Mun.App.1959, 147 A.2d 866, 868 said:

> "In several prior decisions we have had occasion to define the tort of 'abuse of process.' We have stated that such cause of action exists for the perversion of the court process to accomplish an end which the process was not intended to bring about, or when the process is used to compel the party affected by it to

1. Clawans v. Sheetz, 1937, 67 App.D.C. 366, 369, 92 F.2d 517, 520.

2. Comment 2 thereunder reads: "A obtains a judgment against B for a debt owed by him. A, after the debt has to his knowledge been paid, takes out execution on the judgment. A is liable to B for abuse of process." In my view the facts here bring the case squarely within this Comment. See Psinakis v.

Psinakis, 3 Cir., 1955, 221 F.2d 418, 423; 1 Harper & James, Torts 331-32 (1956).

3. Fed.R.Civ.P. 8(a), 28 U.S.C.A.

4. Id. Rule 1; "All pleadings shall be so construed as to do substantial justice," Rule 8(f); and see Conley v. Gibson, 1957, 355 U.S. 41, 48, 78 S.Ct. 99, 2 L. Ed.2d 80.

do some collateral thing which he could not legally and regularly be compelled to do."

There the appellee had procured the issuance of a second attachment upon a judgment at a time when there was no judgment outstanding. That was an abuse of process, said the court.

On the other hand, the essence of an action for malicious prosecution was treated in our case of Melvin v. Pence.[5] There this court[6] discussed the classic elements of "malicious prosecution" and held that recovery might lie where maliciously and improperly the defendants had instigated action by an administrative body looking to the deprivation of the plaintiff's business license.[7] That is the type of tort for which a remedy was to be denied unless an action had been brought within one year as may be seen from the Act of March 3, 1901.[8] It is the same "malicious prosecution" which is barred by D.C.Code § 12–201 (1951) unless action be instituted within one year, the same form of action considered in the Melvin and Auerbach cases.

Even if this appellant had labeled his claim as one for "malicious prosecution," it would not be one. He was bound under the Rules only to state in short and simple terms the basis for his claim. He did, in fact, style it as an action for "abuse of process."[9] Congress by not including "abuse of process" within the one year limitation must be taken fully to have intended that such an action would come within the general 3-year statute, just as clearly as by placing "malicious prosecution" within the 1-year limitation, it meant to do exactly that.

How widely different from malicious prosecution is resort to and misuse of a civil writ. Here, as the complaint with its attachment writ as an exhibit shows, the bank as garnishee under order of court had been notified that any money or credits of the appellant were deemed to be seized and to be dealt with according to law. An attachment *after* judgment had issued from a court where, presumably, the party defendant had had an opportunity to appear and the court had found itself satisfied that the judgment creditor was possessed of a right to recover. But further proceedings are permitted and both the defendant and the garnishee may be protected, just as here on this appellant's motion, the Municipal Court on January 22, 1958, entered its order vacating the writ, with costs. If procurement of the writ was wrongful, an abuse of process has occurred, and an action to recover damages will lie.

Congress long since recognized the possibility that such problems may arise. See by way of comparison, D.C.Code § 16–301 (1951) as to proceedings looking to an attachment *before* judgment, where the attaching creditor must file in the clerk's office a sufficient bond to *"make good to the defendant all costs and damages which he may sustain by reason of the wrongful suing out of the attachment."* (Emphasis added.) That has been the law of this District since 1866.[10] The Congress then in authorizing writs of attachment and garnishment before judgment specifically required a bond for the very purpose of securing the defendant against abuse of process.[11]

That this appellant alleged malice as a basis for recovery of his business losses neither adds to nor detracts from the

---

5. 1942, 76 U.S.App.D.C. 154, 130 F.2d 423, 143 A.L.R. 149.

6. (Rutledge, Groner and Vinson, JJ.)

7. The court thus went beyond Auerbach v. Freeman, 1915, 43 App.D.C. 176, which had defined "malicious prosecution" as a case wantonly instigated and made without cause, but which would not lie where no criminal proceeding had in fact been instituted.

8. 31 Stat. 1389.

9. How the appellant styles his claim will not, of course, make it one for abuse of process unless from the facts alleged it can be seen to be such.

10. Congressional Globe, April 2, 1866, pp. 1709, 1710, 1711.

11. See Davis v. Peerless Ins. Co., 1958, 103 U.S.App.D.C. 125, 255 F.2d 534.

essence of his claim. The allegation bears solely, in my view, upon the extent of the damages he may be entitled to seek.[12]

I gravely fear that this appellant is being denied a valid substantive right.

12. Cf. Palmer v. United States ex rel. Lane, 1914, 41 App.D.C. 341, 349.